UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BARRY LINTON, | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| NEW YORK LIFE INSURANCE AND ANNUITY | : | |
| CORPORATION, | : | C.A. No. 04-11362-RWZ |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

## **DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

Defendant New York Life Insurance and Annuity Corporation ("New York Life") hereby respectfully moves this Court to dismiss the Complaint in its entirety with prejudice.

The Complaint asserts claims on behalf of an investor, Barry Linton, against New York Life for breach of contract, misrepresentation, specific performance, declaratory judgment and alleged violations of Mass. G.L. c. 93A in connection with Mr. Linton's investment in a variable annuity life insurance policy (the "Policy").

New York Life moves to dismiss the Complaint on the following grounds:

1.     First, pursuant to Fed. R. Civ. P. 12(b)(6), the Complaint fails to state a claim for breach of contract (or for breach of the implied covenant of good faith and fair dealing) upon which relief may be granted, because it rests solely on alleged obligations and rights found nowhere in contract itself.

2.     Second, the Complaint fails to state a claim for either intentional or negligent misrepresentation.    Among other grounds for dismissal, plaintiff cannot have

-2-

reasonably relied on alleged statements which were wholly contradicted by terms set forth in the Policy. This claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 9(b).

3.     Third, because the Complaint fails to state a breach of contract claim or misrepresentation claim upon which relief can be granted, it also fails to state a claim under Mass. G.L. c.93A.

4.     Lastly, the total failure to state any claim for which relief can be granted, Fed. R. Civ. P. 12(b)(6) necessitates the dismissal of the plaintiff's claims for specific performance and declaratory judgment.

In support of this motion, the Court is referred respectfully to: (1) Defendant's Memorandum of Law in Support of Its Motion to Dismiss the Complaint; and (2) Transmittal of Documents.

Defendant New York Life respectfully request that this Court hear oral argument on the Motion inasmuch as oral presentation and questioning by the Court will assist it in adjudicating the issues raised herein.

WHEREFORE, New York Life respectfully request that this Court enter an order:

dismissing with prejudice Counts I, II, III, IV, V, VI, and VII of plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief could be granted and granting such further relief as it may deem just and equitable.

-3-

Respectfully submitted,

NEW YORK LIFE INSURANCE AND
ANNUITY CORPORATION

By its attorneys,

John D. Donovan, Jr. (BBO # 130950)
Robert G. Jones (BBO #630767)
Levina Wong (BBO #654510)
Ropes & Gray LLP
One International Place
Boston, MA 02110
(617) 951-7000

Dated:  July 23, 2004

## CERTIFICATE OF COMPLIANCE WITH LR 7.1

I hereby certify that counsel for Defendant New York Life Insurance and Annuity Corporation conferred with counsel for Plaintiff Barry Linton in a good faith effort to resolve the issues set forth herein and counsel for Plaintiff Barry Linton opposes the filing of Defendant's Motion to Dismiss the Complaint as requested therein.

_____
Levina Wong

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2004, I served a copy of Defendant's Motion to Dismiss the Complaint, by hand, upon Richard J. Grahn, Looney & Grossman, LLP, 101 Arch Street, Boston, MA 02110, attorney for Plaintiff Barry Linton.

_____
Levina Wong