UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BARRY LINTON, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| NEW YORK LIFE INSURANCE AND ANNUITY | : | |
| CORPORATION, | : | C.A. No. 04-11362-RWZ |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

**PLAINTIFF'S AUTOMATIC DISCLOSURE
PURSUANT TO FED. R. CIV. P. 26(a)(1) AND LOCAL RULE 26.2(A)**

The plaintiff, Barry Linton ("Linton"), hereby provides the following Automatic Disclosure of information pursuant to Fed. R. Civ. P. 26(a)(1) and Local Rule 26.2(A). The following disclosures are made based upon the facts known to Linton at this time and Linton reserves the right to supplement or amend this Disclosure, if necessary, as additional facts are discovered. Linton further reserves the right to object to the admissibility of any facts or documents disclosed herein at the time of trial in accordance with the Federal Rules of Evidence.

**A.  Fed.R.Civ.P. 26(a)(1)(A)
Individuals Likely to have Discoverable Information
Relevant to Disputed Facts.**

The following individuals are likely to have discoverable information relevant to the disputed facts in this case:

1.  Barry Linton, plaintiff, resides at 9 New Meadow Lane, Topsfield Massachusetts; knowledge of all relevant facts.

2.    JoAnn Lepke, plaintiff's wife, resides at 9 New Meadow Lane, Topsfield Massachusetts; likely to have knowledge of all relevant facts

3.    Paul E. Redfearn, Financial Advisor, principal business located at 125 Main Street, Reading, Massachusetts; likely to have knowledge of all relevant facts.

4.    Personnel of defendant New York Life Insurance and Annuity Corporation ("NYLIAC"), identities presently unknown; likely to have knowledge concerning NYLIAC's operating procedures concerning transferring funds by clients.

**B.    Fed.R.Civ.P. 26(a)(1)(B)**
**Documents and Tangible Things in Linton's Possession, Custody or**
**Control Relevant to Disputed Facts.**

1.  Executed NYLIAC Insurance Policy.

2.  NYLIAC Variable Universal Life Prospectus dated May 1, 1999.

3.  NYLIAC Variable Universal Life Prospectus dated May 1, 2003.

4.  Correspondence between NYLIAC and Barry Linton.

5.  Various charts tracking account activity and death benefit calculations.

6.  Graph and chart tracking annual rate of return.

**C.    Fed.R.Civ.P. 26(a)(1)(C)**
**Computation of Damages.**

Linton seeks a declaratory judgment allowing him to continue using his investment strategy as agreed upon between the parties and as provided for under the NYLIAC policy. Should he succeed, then his damages would be what he would have earned from the date NYLIAC terminated

his ability to transfer funds to the present.  This amount will need to be determined by an expert at trial.

**D.      Fed.R.Civ.P. 26(a)(1)(D)**
       **Insurance Agreements.**

     None.

Defendant Linton reserves the right to supplement or amend this Automatic Disclosure as necessary.

                                        BARRY LINTON,

                                        By his attorneys,

                                        Richard J. Grahn (BBO #206620)
                                        P. Andy Henderson, Jr. (BBO#655891)
                                        Looney & Grossman, LLP
                                        101 Arch Street
December 2, 2004                            Boston, MA  02110
                                        (617) 951-2800

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2004 I served a copy of the foregoing pleading upon all parties hereto by mailing copies thereof, via first-class mail, postage prepaid, properly addressed to:

                         John D. Donovan, Jr., Esq.
                         Robert G. Jones, Esq.
                         Levina Wong, Esq.
                         Ropes & Gray
                         One International Place
                         Boston, MA  02110-2624

                         P. Andy Henderson, Jr.