UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BARRY LINTON, | : |
| | : |
|     Plaintiff | : |
| | : |
| *v*. | : |
| | : |
| NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION, | :   C.A. No. 04-11362-RWZ |
| | : |
|     Defendant. | : |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO STAY FURTHER DISCOVERY**

Defendant New York Life Insurance and Annuity Corporation ("New York Life") respectfully submits this memorandum in support of its Motion to Stay Further Discovery, pursuant to Fed. R. Civ. P. 26(c), pending resolution of Defendant's Motion to Dismiss the Complaint.

## BACKGROUND

In June 1999, plaintiff Barry Linton ("Linton") purchased a variable annuity life insurance policy (the "Policy") from New York Life, pursuant to which Linton had the ability to invest a certain portion of his premium payments in underlying mutual fund investments made available to all variable annuity policyholders. (A copy of the Policy (as executed by Linton) is Exhibit A to Declaration of Levina Wong Transmitting Documents Relied Upon in Defendant's Motion to Dismiss the Complaint ("Wong Decl."), filed July 23, 2004, Docket No. 6)  By its clear and unambiguous terms, the Policy requires that transfers of assets between the underlying investments – referred to in the Policy as "Investment Divisions" – be submitted to New York Life in the form of a

signed, written notice.  Exhibit A ¶ 5.12.[1]  The Policy nowhere makes reference to a contractual right to effect transfers between funds over the telephone.  Nonetheless, in his Complaint, Linton asserts that New York Life breached the terms of the Policy when it restricted his ability to make rapid-fire trades between Investment Divisions on the basis of telephonic instructions, Compl. at ¶ 15, an ability which allowed him to execute a "market-timing" strategy of trading in a manner "to take advantage of market developments."  Compl. at 1.  His Complaint asserts claims for, *inter alia*, breach of contract, misrepresentation, and violations of Massachusetts General Laws Chapter 93A.

New York Life moved to dismiss the Complaint on July 23, 2004.  Since the contract itself – the Policy – conferred no right to make telephonic transfers among funds *and* was fully integrated, there simply could be no breach of contract (nor any basis for claiming that New York Life violated the implied duty of good faith and fair dealing under that contract).  Responding, plaintiff points to language contained in the 1999 Prospectus accompanying the Policy – not the Policy itself – which describes the ability of policyholders to make transfers through telephonic instructions under certain circumstances.  But the 1999 Prospectus is not part of the contract between Linton and New York Life embodied in the Policy, as the Policy's integration clause (*see* Exhibit A ¶ 9.1) and the 1999 Prospectus itself (*see* Exhibit B at 6 (expressly stating that Prospectus does not form part of the contract)) make clear.  *See* Memorandum Of Law In Support Of Defendant's Motion to Dismiss Plaintiff's Complaint ("Defendant's Motion to Dismiss Memorandum") at 7 – 14.

---

[1] All citations to "Exhibit __" refer to the respective exhibits to the Wong Decl.

The papers filed in support of and opposing New York Life's Motion to Dismiss the Complaint show that even plaintiff's own theory of the case compels its dismissal. In support of the notion that he possessed a contractual right to effect transfers between investments by telephone, Linton points to the 1999 Prospectus. But even including the 1999 Prospectus in the contract between the parties does not save Linton's claims. The 1999 Prospectus only allows for the privilege of making trades by telephone under "established procedures." Exhibit B at 43. Even assuming, for purposes here, that the word "privilege" was intended to confer any contractual right at all, the 1999 Prospectus required policyholders who wished to make exchanges between Investment Divisions by telephone to execute a so-called Telephone Authorization Form. Exhibit B at 43. Linton executed such a form the same day as he executed the Policy, though his Complaint neglected to mention that fact entirely. That Form states in the plainest of language that "telephone privileges *may be discontinued at any time.*" *See* Exhibit C (emphasis added). That Form, in other words, constitutes Linton's signed acknowledgment that New York Life had every right to do precisely what he now complains it has done. As New York Life's papers in support of its Motion to Dismiss demonstrate, the language of the Form vitiates Linton's claims – whether for breach of contract, misrepresentation or otherwise – in one stroke.

*Procedural Posture*

On July 23, 2004, New York Life filed a Motion to Dismiss the Complaint and supporting papers, while at the same time requesting that oral argument be heard on the motion. Linton filed an opposition memorandum on September 3, 2004, and New York Life filed a memorandum in reply on September 17, 2004.

*Pending Discovery Requests*

On December 21, 2004, prior to any conference mandated by Fed. R. Civ. P. 26(f) and in contravention of Fed. R. Civ. P. 26(d) ("a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)"), plaintiff improperly served a Notice of Taking Deposition Pursuant to Rule 30(b)(6) upon New York Life. Similarly, on December 29, 2004, again in the absence of any conference between the parties, plaintiff served a Notice of Taking Deposition of Paul E. Redfearn, an agent of New York Life.

On January 13, 2005, plaintiff proposed that the parties schedule a time for a conference pursuant to Fed. R. Civ. P. 26(f). On January 31, 2005, the defendant proposed that the parties limit discovery to an exchange of disclosures pursuant to Rule 26(a)(1) and documents disclosed therein while the Court heard oral argument and considered New York Life's motion to dismiss. While there was no agreement, on February 8, 2005, New York Life nonetheless served on plaintiff its disclosures as called for by Rule 26(a)(1) and documents described therein.

In discussions between the parties, plaintiff has indicated that he wishes to proceed with at least one deposition, that of a New York Life agent involved in the discussions with Mr. Linton at the time of his purchase of the variable annuity Policy at issue in this case. However, defendant could not proceed with "just one deposition" without taking appropriate steps to apprise itself concerning, at a minimum: (a) the information in Mr. Linton's possession concerning his communications with that agent, and (b) plaintiff's contentions concerning those communications. Hence, in addition to burden and expense of preparing its overall approach to discovery in the action and

preparing a central witness for deposition, New York Life necessarily would be required to participate more broadly in discovery addressing the full scope of the claims asserted in the Complaint.

As set forth more fully below, defendant New York Life respectfully requests that the Court order that all further discovery be stayed pending resolution of its Motion to Dismiss the Complaint.

## ARGUMENT

"Upon motion by a party … and for good cause shown," Fed. R. Civ. P. 26(c) allows the Court to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." When managing the scope of discovery, "trial courts enjoy a broad measure of discretion." *Dynamic Image Tech., Inc. v. U.S.*, 221 F.3d 34, 38 (1st Cir. 2000) (upholding grant of stay in discovery where pretrial discovery is "unnecessary"). "Management of discovery is a largely empirical exercise, requiring judges to balance the inquirer's right to know against the responder's right to be free from unwarranted intrusions, and then to factor in systemic concerns." *Mack v. Great Atlantic and Pacific Tea Co.*, 871 F.2d 179 (1st Cir. 1989) (affirming the denial of a pretrial motion to compel discovery).

Pending the resolution of a motion to dismiss which may fully resolve the claims in a case, the balance in federal trial courts routinely falls in favor of issuing stays of discovery. *See, e.g.*, *Landy v. D'Alessandro*, 316 F. Supp.2d 49, 55 (D. Mass. 2004) (noting that the court granted defendants' motion to stay discovery pending decision on the motion to dismiss); *Spencer Trask Software and Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (granting motion to stay discovery while motion to

-5-

dismiss is pending); *LTX Corp. v. Daewoo Corp.*, 979 F. Supp. 51, 59 (D. Mass. 1997) (granting motion to say discovery where discovery would not affect the resolution of the motion to dismiss); *Anti-Monopoly, Inc. v. Hasbro, Inc.*, No. 94Civ.2120, 1996 WL 101277, at *2 (S.D.N.Y., Mar. 7, 1996) (granting motion to stay discovery in light of pending motion for judgment on the pleadings); *Bettencourt v. Board of Registration*, 721 F. Supp. 382, 383 (D. Mass. 1989), *aff'd*, 904 F.2d 772 (1st Cir. 1990) (in granting a motion to dismiss, the court noted that discovery had been stayed pending a decision on the motion); *C.R. Swaney Co. v. Atlas Copco North America, Inc.*, No. 85-587-N, 1987 WL 33025, at *1 (D. Mass. Sept. 25, 1987) (in granting a motion to dismiss for failure to state a claim, the Court noted that discovery had been stayed because "that motion does not rely substantially on matters outside the pleadings").

### I. A Discovery Stay is Warranted Because the Pending Motion May Dispose of the Entire Case.

"Good cause" for staying discovery may be shown where "resolution of [the motion to dismiss] may potentially dispose of the entire case." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003); *See also*, *Anti-Monopoly, Inc.*, 1996 WL 101277, at *2 ("good cause [for a stay of discovery] may be shown where a party has filed .. a motion to dismiss"). A stay of discovery is appropriate where a defendant has "substantial arguments for dismissal of many, if not all" claims, *Spencer Trask Software* 206 F.R.D. at 368 ("proceeding with discovery while the motion to dismiss is pending would unnecessarily drain the parties' resources"), and where "a preliminary peek" at the motion papers reveals that "the motions appear to be meritorious and truly case dispositive." *Nankivil*, 216 F.R.D. at 692 (quoting *Feldman v. Flood*, 176 F.R.D. 651 (M.D. Fla. 1997)) (internal quotations omitted); *Anti-Monopoly*, 1996 WL

101277, at *4 (granting a motion to stay discovery where defendant's dispositive motion "appears to have substantial grounds"). A "peek" here reveals that New York Life has presented substantial and meritorious arguments for dismissal of all of plaintiff's claims. (*See generally* Defendant's Motion To Dismiss Memorandum)

As discussed above, plaintiff's primary claim is that New York Life breached the contract between the parties – the Policy – when it discontinued his ability to transfer assets among Investment Divisions by telephone. Compl. ¶¶ 15, 17. But the Policy states only that a policyholder may make transfers by "a notice you sign" – plainly contemplating a written instruction – and makes no mention whatever of transfers made via telephonic exchange. Defendant's Motion to Dismiss Memorandum at 8. At the same time, the Policy contains strict integration language limiting the "entire contract" between the parties to "th[e] policy, any attached riders or endorsements, and the attached copy of the application." *See* Defendant's Motion to Dismiss Memorandum at 9. It is, of course, a fundamental precept of contract interpretation that a party may not look outside the four corners of the Policy for more "rights" than are granted by the Policy itself. *ITT Corp. v. LTX Corp.*, 926 F.2d 1258, 1261 (1st Cir. 1991). "When the provisions of a policy are plainly and definitively expressed, the policy must be enforced in accordance with the terms." *Somerset Savings Bank v. Chicago Title Ins. Co.*, 420 Mass. 422, 427, 649 N.E.2d 1123, 1127 (1995). Because the Policy did not confer on Mr. Linton any "right" to effect transfers via telephone, New York Life did not breach any contractual "right" with its discontinuance of his ability to effect transfers via telephonic instruction.

As noted, even Mr. Linton's own attempts to conjure a "right" to effect investment transfers by telephone, in opposition to New York Life's dismissal motion,

fall far wide of the mark. Plaintiff points to the 1999 Prospectus, which, he says, "assured" him that he would be able to conduct transfers over the telephone with "immediate execution" in the future. Compl. at 1 and ¶ 8. Even assuming plaintiff could avoid the force of the Policy's integration clause and convince the Court that the 1999 Prospectus nonetheless should be included as part of the parties' contract, he cannot avoid the Telephone Authorization Form referenced in that prospectus. According to the 1999 Prospectus, telephone authorization was permitted only "in accordance with established procedures." Exhibit B at 43. One such procedure was the requirement that a policyholder wishing to conduct exchanges by telephone execute a Telephone Authorization Form. *Id*. The Telephone Authorization Form, which Mr. Linton signed on the same day he executed the Policy, states that "Telephone privileges may be discontinued at any time." *See* Exhibit C at 2.

As a result, the grounds for dismissal of Mr. Linton's breach of contract claim (and good faith and fair dealing claim) could not be more straightforward: either the Policy does not incorporate any contractual right whatever to conduct exchanges over the telephone, or the Policy incorporates an additional agreement – signed by Mr. Linton at the same time he signed his Policy – pursuant to which he agrees and acknowledges that the ability to transfer funds via telephone "may be discontinued at any time." In either case, there plainly are substantial grounds supporting New York Life's motion to dismiss plaintiff's contract claims, justifying the imposition of a stay. *Spencer Trask Software* 206 F.R.D. at 368.

Moreover, because the Telephone Authorization Form informed Mr. Linton in plain terms that his ability to conduct exchanges over the telephone was subject to being

discontinued "at any time," his claims for misrepresentation and violations of Mass. G.L. c. 93A also require dismissal. *See* Defendant's Motion to Dismiss Memorandum at 14-20.

Because the grounds for dismissal of all of the claims in the Complaint are substantial – and, indeed, because a "peek" at those grounds suggest strongly that New York Life's Motion to Dismiss is meritorious and should be granted – it is appropriate to stay any further discovery prior to a ruling on that motion. *Spencer Trask Software* at 368 (granting stay pending disposition of motion to dismiss where defendants "have substantial arguments for dismissal of many, if not all" claims); *Nankivil*, 216 F.R.D. at 692 (granting stay of discovery where "merit exists" for filing motion to dismiss); *Anti-Monopoly,* 1996 WL 101277, at *4 (granting stay of discovery where motion to dismiss is "not unfounded I the law and appears to have substantial grounds") (internal quotations omitted).

## II. A Discovery Stay Is Warranted Where It Will Not Unnecessarily Delay the Action Or Prejudice the Plaintiff

Other factors frequently cited by courts entertaining motions to stay discovery also argue in support of the entry of a stay of further discovery here. First, a stay will not unnecessarily delay the action or prejudice the plaintiffs. *Spencer Trask*, 206 F.R.D. at 368 ("Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay."); *see also Anti-Monopoly*, 1996 WL 101277, at *3. The plaintiffs already will have received New York Life's initial disclosures and documents described therein. In the event that the Court were to deny the Motion to Dismiss, all remaining discovery could be completed in a relatively short period.

Second, the Court's disposition of the pending motion to dismiss will not rely substantially on matters outside the pleadings. *C.R. Swaney Co.*, 1987 WL 33025, at *1 (where pending motion "does not rely substantially on any matters outside the pleadings" a stay of discovery should be allowed). Indeed, here, New York Life's Motion to Dismiss is limited to the same sources Mr. Linton himself points to in his Complaint.[2] Similarly, a stay of discovery is appropriate where further discovery would not affect the resolution of the dispositive issues. *LTX*, 979 F. Supp. at 59. *See also Landry*, 901 F.2d at 435 (affirming a stay of discovery where "no discovery was needed to resolve the motions to dismiss" and "discovery was not needed to resolve the summary judgment motions"). No discovery is needed to resolve the motion to dismiss and, certainly, plaintiff has not suggested that any discovery is required in his opposition papers or otherwise.

### III.   Further Discovery Would Impose An Undue Burden On Defendant.

Considerations of delay or prejudice to the plaintiff are insignificant where the disposition of the pending motion "potentially eliminates the entire action." *Spencer Trask Software* at 368 (quoting *Rivera v. Heyman*, No. 96 Civ. 4489, 1997 WL 86394, at *1 (S.D.N.Y., Feb. 27, 1997)) (internal quotations omitted). Conversely, in the face of a potentially meritorious motion for dismissal, further discovery would place an undue burden on the defendant, justifying imposition of a discovery stay. *See Landry*, 901 F.2d at 435-36 (finding that discovery would be "unduly expensive and burdensome" where discovery was not necessary for resolution of dispositive motions and ultimately may not

---

[2]   Though the 1999 Prospectus plainly makes reference to the Telephone Authorizition Form, Mr. Linton chose not to mention that document specifically in his pleading, despite that fact that (a) he executed it along with the Policy and (b) that Form clearly states that New York Life could discontinue telephonic transfers "at any time."

be necessary at all). "Discovery is not justified when cost and inconvenience will be its sole result." *Landry*, 901 F.2d at 436; *Spencer Trask*, 206 F.R.D. 367 at 368 (holding that "proceeding with discovery while the motion to dismiss is pending would unnecessarily drain the parties' resources").

      Discovery in this action will require New York Life to prepare comprehensively for discovery in the case and to prepare witnesses, but it requires more than that. New York Life could not agree to schedule the deposition of its agent without first requesting document (and perhaps written) discovery from plaintiff concerning his communications with that agent, at the very least. New York Life would also want to conduct plaintiff's deposition before plaintiff deposed New York Life's agent or anyone else. In short, the step of taking any depositions requires a material amount of work on several fronts which New York Life might otherwise never be required to undertake after its motion to dismiss is resolved. However, it also bears mention that the unfairness of undertaking those additional costs in advance of a resolution on its motion to dismiss would be even greater in a case, like this one, where the plaintiff's allegations of breach of contract and misrepresentation so clearly conflict with the terms of the underlying documents incorporated into the pleadings. Mr. Linton's allegations are squarely at odds with the very documents he signed in connection with the Policy and to which his own Complaint adverts. Thus, since there must even be a question whether there is a good faith basis for allegations in the Complaint, a stay of discovery pending a motion to dismiss those allegations is especially appropriate here.

## CONCLUSION

For the reasons set forth above, defendant respectfully requests that the Court grant defendant's motion to stay further discovery.

Respectfully submitted,

NEW YORK LIFE INSURANCE AND
ANNUITY CORPORATION

By its attorneys,

_/s/ Levina Wong_____
John D. Donovan, Jr. (BBO # 130950)
Robert G. Jones (BBO #630767)
Levina Wong (BBO #654510)
  ROPES & GRAY LLP
  One International Place
  Boston, MA 02110
  (617) 951-7000

Dated:  February 9 2005

-13-

CERTIFICATE OF SERVICE

      I hereby certify that on February 9 2005, I served a copy of Defendant's Memorandum of Law in Support of Motion to Stay Discovery, by hand, upon P. Andy Henderson, Looney & Grossman, LLP, 101 Arch Street, Boston, MA 02110, attorney for Plaintiff Barry Linton.

      /s/ Levina Wong_____
      Levina Wong