UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

BARRY LINTON,                                    :
                                                 :
    Plaintiff                                    :
                                                 :
v.                                               :
                                                 :
NEW YORK LIFE INSURANCE AND ANNUITY              :
CORPORATION,                                     :  C.A. No. 04-11362-RWZ
                                                 :
    Defendant.                                   :
                                                 :
_____     :

**OPPOSITION TO DEFENDANT'S MOTION TO STAY AND PLAINTIFF'S
MOTION COMPELLING NEW YORK LIFE INSURANCE AND
ANNUITY CORPORATION TO COMPLY WITH
DEPOSITION REQUESTS OF PLAINTIFF AND FOR SANCTIONS FOR
<u>FAILURE TO APPEAR AT NOTICED DEPOSITIONS</u>**

Plaintiff, Barry Linton ("Mr. Linton"), hereby moves the Court for an Order compelling defendant New York Life and Annuity Corporation ("New York Life") and one of its agents, to appear for depositions. Specifically, defendant and its agent Paul Redfearn refused to submit to their depositions properly noticed.

As grounds for this motion, Mr. Linton states:

1. Mr. Linton filed this present action in the Business Law Section of the Massachusetts Superior Court Department on May 24, 2004 (the "Complaint"). The Complaint alleges that New York Life misrepresented facts, both in its 1999 Prospectus and orally, to Mr. Linton that induced him into entering and executing a long term annuity contract (the "Policy") and that New York Life breached the contract when it unilaterally changed the way Mr. Linton could transfer funds in his accounts and

prevented him from utilizing his investment strategy. New York Life removed this case to this Court on June 15, 2004.

2. The Complaint alleges seven counts; Breach of Contract (Count I), Misrepresentation, (Count II), Specific Performance (Count III), Declaratory Judgment (Count IV), Breach of the Covenant of Good Faith and Fair Dealing (Count V), Unjust Enrichment and Restitution (Count VI), and Violation of Massachusetts General Law chapter 93A (Count VII).

3. On June 15, 2004, New York Life moved to dismiss pursuant to Fed. R.Civ. P. 12(b)(6) and Mr. Linton opposed. No hearing has been scheduled.

4. On December 2, 2004, Mr. Linton filed mandatory disclosures.

5. On December 17, 2004, Mr. Linton, through his counsel, served Notices of Deposition on the defendant.

6. The first notice was for a representative of New York Life pursuant to Fed. R. Civ. P. 30(b)(6), scheduled for January 5, 2005.

7. On December 23, 2004, Mr. Linton, through his counsel, served the second Notice of Deposition on Paul Redfearn, an agent of the Defendant with detailed knowledge of the facts of this case, scheduled for January 7, 2005.

8. On or about January 4, 2005, counsel for New York Life notified counsel for Mr. Linton that the deponents were not going to be produced because counsel for the defendant thought the request was premature.

9. At the time that defendant refused to show up for the depositions, there was no protective order in place, nor had New York Life sought such an order.

10. Counsel for both parties then engaged in a series of conversations related to rescheduling the depositions, as well as discussing the issues contemplated by Fed.R.Civ.P 26(f) and Local Rule 26.1

11. During these conversations, counsel for Mr. Linton repeatedly requested alternative dates in which to depose the two witnesses previously noticed and counsel for the defendant refused to supply such dates.

12. Accordingly, Mr. Linton seeks an Order from this Court compelling New York Life to produce the two witnesses sought and to schedule the requested depositions and for sanctions representing the costs of this motion.

WHEREFORE, the plaintiff, Barry Linton, requests that this Court enter an Order:

1. Compelling New York Life and Annuity Corporation and Paul Redfearn to attend a deposition as soon as practicable, within 20 days of the Court's Order;

2. Award Linton expenses and attorney's fees pursuant to Fed. R. Civ. P. 37; and

3. Grant such other and further relief as is just and proper.

BARRY LINTON,

By his attorneys,

/s/ P. Andy Henderson_____
Richard J. Grahn (BBO #206620)
P. Andy Henderson, Jr. (BBO#655891)
Looney & Grossman, LLP
101 Arch Street
Boston, MA  02110
February 18, 2005                                             (617) 951-2800

## CERTIFICATION UNDER LOCAL RULE 7.1

I, P. Andy Henderson, Jr., hereby certify that I conferred with counsel for the defendant in a good faith attempt to resolve or narrow this issue.

/s/ P. Andy Henderson
P. Andy Henderson, Jr.

## CERTIFICATE OF SERVICE

I, P. Andy Henderson, Jr. an attorney with the law firm of Looney & Grossman LLP, hereby certify that on February 18, 2005, I served a copy of the foregoing **Plaintiff's Opposition to Defendant's Motion to Stay and Plaintiff's Motion to Compel Depositions with Supporting Brief** via hand delivery on the following:

Levina Wong, Esq.
Ropes & Gray
One International Place
Boston, MA  02110-2624

/s/ P. Andy Henderson
P. Andy Henderson Jr., Esq.