UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

BARRY LINTON,                                   :
                                                :
      Plaintiff                                 :
                                                :
v.                                              :
                                                :
NEW YORK LIFE INSURANCE AND ANNUITY             :
CORPORATION,                                    :   C.A. No. 04-11362-RWZ
                                                :
      Defendant.                                :
                                                :
_____    :

**BRIEF IN SUPPORT OF PLAINTIFF'S OPPOSITION TO
DEFENDANTS MOTION TO STAY AND PLAINTIFF'S MOTION
COMPELLING DEPOSITIONS AND FOR SANCTIONS**

      This is an action to enforce contractual obligations under the terms of a written contract. The facts as alleged in the complaint assert that the parties expressed their respective objectives and memorialized their understanding in a written agreement. Over the next four years the parties established a course of conduct consistent with the responsibilities as set forth in their agreement and as understood by the plaintiff based upon explanations of the contract language provided by the defendant. Thereafter, however, the defendant unilaterally modified the terms of the relationship so as to preclude the plaintiff from making investments in the manner prescribed by the agreement and utilized by him during that four-year period. The plaintiff asserts that the defendant failed to fulfill its obligations to him as expressed in the written agreement and as evidenced by the parties' course of performance. This complaint seeks specific performance of the agreement as well as damages caused by that breach.

## PROCEDURAL BACKGROUND

Barry Linton ("Mr. Linton") filed this action in the Business Law Section of the Superior Court Department on May 24, 2004 (the "Complaint", cited as *Compl.*). The Complaint alleges that New York Life Insurance and Annuity Corporation ("New York Life") breached the terms of the Flexible Premium Variable Universal Life Insurance Policy purchased from New York Life, dated June 1999, ("Policy") when it unilaterally imposed amendments to the agreement limiting the number of transfers he could make within his accounts and by modifying the manner in which Mr. Linton could transfer funds in the accounts maintained under the Policy. *Compl. ¶ 11, 16-17.*

More specifically, in 2003, New York Life adopted a revised prospectus pursuant to the terms of which New York Life prohibited Mr. Linton from utilizing telephonic trading procedures required by him to implement an investment strategy previously disclosed to New York Life and employed by the parties over a four-year period. *Compl. ¶ 12.*

The plaintiff also alleges that to the extent New York Life now contends it was within its contractual rights to modify these terms, then it and its agent misrepresented the material terms of the agreement by means of inconsistent oral representations, and misrepresentations contained in Policy and the 1999 Prospectus ("1999 Prospectus") by which Mr. Linton was informed that limitless telephonic trading, imperative to implementation of the plaintiff's successful investment strategy, was and would continue to be authorized under the terms of the Policy. *Compl ¶¶ 7-8, 20.* The Complaint alleges seven counts; Breach of Contract (Count I), Misrepresentation, (Count II),

Specific Performance (Count III), Declaratory Judgment (Count IV), Breach of the Covenant of Good Faith and Fair Dealing (Count V), Unjust Enrichment and Restitution (Count VI), and Violation of Massachusetts General Law chapter 93A (Count VII).

**Discovery Requests**

On December 23, 2004, Linton, through his counsel, served two Notices of Deposition on the defendant.  The first notice was for a representative of New York Life pursuant to Fed.R.Civ.P. 30(b)(6), scheduled for January 5, 2005.  See <u>Exhibit 1.</u>  The second notice was for Paul Redfearn, an agent of New York Life with detailed knowledge of the facts of this case, scheduled for January 7, 2005.  See <u>Exhibit 2</u>.  On or about January 4, 2005, counsel for the defendant notified counsel for Mr. Linton that the deponents were not going to be produced because counsel for the defendant thought the request was premature.  Counsel for the parties then engaged in a number of telephone conversation whereby the issues addressed by Fed. R. Civ. P. 26(f) and the depositions were discussed.  Defendant has continually refused to appear for a deposition, or to permit its agent to appear for a deposition.  Defendant untimely responded by filing a preemptive motion seeking a protective order.

**ARGUMENT**

The Federal Rules of Civil Procedure are to be construed liberally in favor of discovery. *In re Lernout & Hauspie Sec. Litig.*, 214 F. Supp. 2d 100 (D. Mass., 2002).  A federal court has broad inherent power "to exercise appropriate control over the discovery process." *Herbert v. Lando*, 441 U.S. 153, 177 (1979). A court should not automatically stay discovery pending a motion to dismiss under Rule 12(b).  Had the drafters of the Federal Rules of Civil Procedure wanted an automatic stay of discovery pending a

motion to dismiss they could have so provided. *Coca-Cola Bottling Co. v. Grol*, 1993 U.S. Dist. LEXIS 3734 (D. Pa., 1993). Furthermore, such motions are not favored because when discovery is delayed or prolonged it can create case management problems, which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems. *Kron Medical Corp. v. Groth,* 119 F.R.D. 636 (M.D.N.C. 1988). As a result, a request to stay all discovery pending resolution of a motion is rarely appropriate where resolution of the motion will not dispose of the entire case. *Lugo v. Alvarado,* 819 F.2d 5 (1st Cir. 1987).

I. **Defendant has not shown good cause to stay discovery under Fed. R. Civ. P. 26(c)**

A party moving for a protective order under Fed. R. Civ. P, 26(c), must make a strong showing of "good cause" by demonstrating a particular need for protection. A party cannot rely on conclusory statements that the discovery is broad, not relevant, and harassing to show good cause under Rule 26(c). *Coca-Cola Bottling Co. v. Grol,* 1993 U.S. Dist. LEXIS 3734 (D. Pa., 1993). As a preliminary matter, Defendant has failed to show why it needs to protect the two deponents from depositions. Defendant must show a factual basis of potential harm. *Multi-Core, Inc. v. Southern Water Treatment Co*., 139 F.R.D. 262, 264 (D. Mass., 1991) citing *Anderson v. Cryovac, Inc.*, 805 F.2d 1 (1st Cir., 1986). Both individuals are agents or employees of the defendant and clearly in possession of discoverable material and facts relevant to this case. In fact, Defendant admits that these two individuals are likely to have discoverable information by listing them on their initial disclosures pursuant to Fed. R. Civ. P. 26(A)(1). In the present motion, Defendant does not allege that plaintiff is seeking to annoy, embarrass, or harass

either deponent. Instead, defendant's position seems to be that "good cause" has been demonstrated because it believes that defendant will succeed on its motion to dismiss and discovery should be stayed automatically. This is not the standard set out by Fed. R. Civ. P. 26(c) nor the law. See *Digital Equipment Corp. v. Currie Enterprises*, 1992 U.S. Dist. LEXIS 17718 (D. Mass., 1992)(Although this court has discretion to stay discovery in an appropriate case, such a stay is neither automatic or routine); *Kleinerman v. United States Postal Service*, 100 F.R.D. 66, 68-69 (D.Mass. 1983)(The court denied a protective order and granted the contractor's motion to compel); See also *Lugo v. Alvarado,* 819 F.2d 5 (1st Cir. 1987). As such, there is no reason, as a matter of law or otherwise, why depositions cannot be scheduled and proceed while defendant's motion to dismiss is pending. Because defendant has failed to meet its burden under Fed. R. Civ. P. 26(c), its motion to stay discovery should be denied.

      Moreover, contrary to defendant's belief, the pending motion to dismiss would not dispose of the entire case. For example, plaintiff's Complaint states a misrepresentation claim, an unjust enrichment claim, a breach of good faith and fair dealing claim and a 93A claim. See *Complaint* and *Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss.* Specifically, facts related to what was said to Mr. Linton by New York Life during the course of their relationship is important to the development of this case and relates directly to the above stated claims. In addition, New York Life's conduct during the performance and enforcement of its contractual obligations are also relevant fact specific issues that are important to plaintiff's case and are discoverable. It is well settled law in Massachusetts that cases where motive and intent of the parties are at issues are cases that should be decided by a jury. See *Flesher*

*v. Technical Communications Corp.*, 410 Mass. 805, 809 (1991); *Quincy Mutual Fire Ins. Co. v. Abernathy*, 393 Mass. 81, 86 (1984); *See also Bond Leather Co., Inc. v. Q*.*T. Shoe Mfg. Co., Inc.*, 764 F.2d 928 (1st Cir. 1985)(misrepresentations made to induce the execution of a contract are "unfair and deceptive" acts under Chapter 93A.).  For the following reasons, defendant's Motion to Stay should be denied for failing to meets its burden to show "good cause".

**II.     Plaintiff would be prejudiced should the Motion to Stay be granted**

Plaintiff filed his original complaint on May 24, 2004.  Defendant then removed the case to Federal Court on June 15, 2004.  Counsel for Plaintiff has an obligation to this Court as well as to its client to prepare for trial, which includes taking the depositions of relevant witnesses while the information is still fresh and memory of events has not faded.  Any further delay in taking these depositions may cause memories to blur and will prejudice the plaintiff in preparing his case.  Defendant's desire to conduct discovery on its own terms should not outweigh plaintiff's right to proceed with his case and obtain discoverable material.

**III.    Plaintiff is entitled to sanctions under Fed. R. Civ. P.  37.**

Service of the notice of taking of a deposition is enough to require those persons to appear and to expose a party to sanctions under Rule 37(d) if they fail to do so. *Littman v. Walgreen E. Co.*, 1998 U.S. Dist. LEXIS 18422 (D. Mass., 1998).  In the present action, notice was sent to both deponents on December 17 and December 23, 2004 respectively. See <u>Exhibits 1 & 2</u>.  Defendant failed to appear.  At that time, there was no protective order and defendant made no attempt to reschedule the depositions.  As such,

plaintiff requests reasonable expense and attorneys fees as sanctions for defendants' failure to appear at the noticed depositions.

## CONCLUSION

For the foregoing reasons, the defendant New York Life's Motion to Stay Discovery should be denied in its entirety.

BARRY LINTON,

By his attorneys,

/s/ P. Andy Henderson_____
Richard J. Grahn (BBO #206620)
P. Andy Henderson, Jr. (BBO#655891)
Looney & Grossman, LLP
101 Arch Street
Boston, MA  02110
(617) 951-2800

February 18, 2005