UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11362-RWZ

BARRY LINTON

v.

NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION

MEMORANDUM OF DECISION

March 1, 2005

ZOBEL, D.J.

    Plaintiff Barry Linton bought an insurance policy from defendant New York Life Insurance and Annuity Corporation as a vehicle for investment in mutual funds. He understood that the policy permitted him to execute immediate orders by telephone for purchasing, redeeming or exchanging mutual fund shares. The success of plaintiff's investment strategy specifically depended upon his ability to issue same-day orders. After several years of managing his investment strategy by telephone, plaintiff received notice that defendant revised the policy to permit only written, and not telephonic, instructions for investment decisions. As a result of this modification, plaintiff filed suit in state court on breach of contract (Count I), misrepresentation (Count II), breach of the covenant of good faith and fair dealing (Count V), unjust enrichment (Count VI) and violation of state consumer protection laws codified at Mass. Gen. Laws ch. 93A (Count VII). Although plaintiff also included specific performance and declaratory judgment as separate counts (Counts III and IV), these "allegations" actually describe the remedies

sought by plaintiff in addition to his requests for restitution and attorneys fees and thus do not constitute actionable claims.

Defendant removed the suit to federal court and now moves for dismissal of all counts. However, instead of directly challenging whether the allegations in plaintiff's complaint sufficiently articulate claims for relief under Massachusetts law, defendant argues the merits of plaintiff's claims. While defendant strenuously challenges plaintiff's ability to assemble evidence sufficient to establish these counts, such arguments are misplaced in a motion for dismissal where the Court is required to accept plaintiff's allegations as true. Defendant may wish for conversion of its motion for dismissal to one for summary judgment, but the Court must "guard against allowing such a conversion where it would come as a 'surprise' or be 'unfair' to the party against whom judgment is rendered." Clorox Co. Puerto Rico v. Proctor & Gamble Commercial Co., 228 F.3d 24, 31 (1st Cir. 2000). Because plaintiff's opposition addresses potential dismissal and not potential summary judgment, conversion at this point would be inappropriate. If defendant wishes to seek summary judgment, it should so notify the Court and plaintiff and need not re-file materials in support of such motion that have already been submitted to the court for review.

The instant motion for dismissal is denied as to all counts except Count VII. In sustaining a claim for breach of contract as set forth Count I, plaintiff must demonstrate "(1) that the parties reached a valid and binding agreement with regard to [immediate execution of investment instructions communicated by telephone]; (2) that [defendant] breached the terms of [this] aspect of the agreement; and (3) that [plaintiff] suffered

damages from the breach." Michelson v. Digital Financial Services, 167 F.3d 715, 720 (1st Cir. 1999). Plaintiff's complaint alleged each element and thus adequately states a claim for breach of contract under Massachusetts law.

A cognizable claim for misrepresentation as set forth in Count II must allege "a false statement of material fact made to induce the plaintiff to act, together with reliance on the false statement by the plaintiff to the plaintiff's detriment." Rodowicz v. Mass. Mut. Life Ins. Co., 279 F.3d 36, 42 (1st Cir. 2002). Plaintiff asserted reliance upon statements by defendant regarding the availability of telephone orders and immediate execution of investment instructions. In arguing that he would not have purchased the policy but for these features, and thus sustained injury upon their elimination, plaintiff states a claim for misrepresentation.

The covenant of good faith and fair dealing, implied in every contract under Massachusetts law, may be breached, as alleged in Count V, upon conduct by defendant that deprives plaintiff of the intended "fruits" of the contract. See McAdams v. Mass. Mut. Life Ins. Co., 391 F.3d 287, 301 (1st Cir. 2004). The covenant operates "to guarantee that the parties remain faithful to the intended and agreed expectations of the parties in their performance." Id., citing UNO Restaurants, Inc. v. Boston Kenmore Realty Corp., 441 Mass. 376, 385 (2004). In his complaint, plaintiff alleged a contract that provided for telephone orders and characterized defendant's elimination of this ordering option as the harmful deprivation of a contractual benefit. He thereby asserted sufficient facts to articulate a claim for breach of the covenant of fair dealing.

In Count VI, plaintiff alleged unjust enrichment, namely, that "first, a benefit or

enrichment was conferred upon the defendant . . . ; second, the retention of that benefit or enrichment resulted in a detriment to [the plaintiff]; and, third, there are circumstances which make the retention of that benefit . . . unjust." Brandt v. Wand Partners, 242 F.3d 6, 16 (1st Cir. 2001).  Plaintiff stated a claim for unjust enrichment by complaining that his payment to defendant for investment services constituted unjust enrichment, because he did not receive the contracted services.

Count VII alleged violation by defendant of the Massachusetts consumer protection statute that concerns unfair and deceptive practices.  In order to file suit on such a claim, however, plaintiff must mail or deliver to defendant "[a]t least thirty days prior to the filing of any such action, a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered."  See Mass. Gen. Laws ch. 93A § 9(3).  Plaintiff's complaint contains no indication or assertion that such demand occurred and, thus, fails to state a cognizable claim for relief under ch. 93A.  Rodi v. Southern New England School of Law, 389 F.3d 5, 19-20 (1st Cir. 2004).

Accordingly, defendant's motion to dismiss is allowed as to Count VII and denied as to Counts I, II, V and VI.

_____     /s/ Rya W. Zobel_____
      DATE                            RYA W. ZOBEL
                                      UNITED STATES DISTRICT JUDGE