UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

BARRY LINTON,                                        :
                                                     :
     Plaintiff                                      :
                                                     :
*v*.                                                 :
                                                     :
NEW YORK LIFE INSURANCE AND ANNUITY                  :
CORPORATION,                                         : C.A. No. 04-11362-RWZ
                                                     :
     Defendant.                                     :
_____

## DEFENDANT'S ANSWER

Defendant New York Like Insurance and Annuity Corporation. ("New York Life"), for its answer to Plaintiff's verified complaint (the "Complaint"), states that the paragraph set forth as the "Introduction" of the Complaint is not intended to allege facts, but merely to describe the nature of Plaintiff's claim, and therefore requires no response. To the extent that any response is required, Defendant denies the allegations contained therein. New York Life responds as follows to the numbered paragraphs of the Complaint:

## FIRST DEFENSE

### PARTIES

1. Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint.

2. Defendant admits the allegations set forth in paragraph 2 of the Complaint.

### JURISDICTION AND VENUE

3. Defendant states that the allegations set forth in paragraph 3 of the Complaint constitute legal conclusions as to which no answer is required. To the extent that any response is

required, Defendant states that this Court has jurisdiction over the Defendant pursuant to 28 U.S.C. § 1332.

4. Defendant states that the allegations set forth in paragraph 4 of the Complaint constitute legal conclusions as to which no answer is required. To the extent that any response is required, Defendant states that venue is proper pursuant to 28 U.S.C. § 1391(a).

## FACTS.

5. Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint.

6. Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint.

7. Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint.

8. Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint.

9. Defendant admits the allegations set forth in Paragraph 9 of the Complaint.

10. Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint.

11. Defendant admits that on or about July 9, 2003, New York Life suspended Plaintiff's ability to make telephonic transfers of assets among the investment divisions of the Policy. Defendant denies the remaining allegations set forth in Paragraph 11 of the Complaint.

12. Defendant denies the allegations set forth in Paragraph 12 of the Complaint.

13. Defendant denies the allegations set forth in Paragraph 12 of the Complaint.

<u>As To COUNT I</u>
<u>(Breach of contract)</u>

14. Defendant restates and incorporates by reference its answers to paragraphs 1 through 13 above as if set forth herein.

15. Defendant admits that Plaintiff entered into an agreement with New York Life as set forth in the Policy. Defendant denies the remaining allegations set forth in paragraph 15 of the Complaint.

16. Defendant admits that Plaintiff made certain payments in connection with the Policy. Defendant denies the remaining allegations set forth in paragraph 16 of the Complaint.

17. Defendant states that the allegations set forth in paragraph 17 of the Complaint constitute legal conclusions as to which no answer is required. To the extent that any response is required, Defendant denies the allegations set forth in paragraph 17 of the Complaint.

18. Defendant states that the allegations set forth in paragraph 18 of the Complaint constitute legal conclusions as to which no answer is required. To the extent that any response is required, Defendant denies the allegations set forth in paragraph 18 of the Complaint.

<u>As To COUNT II</u>
<u>(Misrepresentation)</u>

19. Defendant restates and incorporates by reference its answers to paragraphs 1 through 18 above as if set forth herein.

20. Defendant denies the allegations set forth in paragraph 20 of the Complaint.

21. Defendant states that the allegations set forth in paragraph 21 of the Complaint constitute legal conclusions as to which no answer is required. To the extent that any response is required, Defendant denies the allegations set forth in paragraph 21 of the Complaint.

22. Defendant states that the allegations set forth in paragraph 22 of the Complaint constitute legal conclusions as to which no answer is required. To the extent that any response is required, Defendant denies the allegations set forth in paragraph 22 of the Complaint.

### As To COUNT III
### (Specific Performance)

23. Defendant restates and incorporates by reference its answers to paragraphs 1 through 22 above as if set forth herein.

24. Defendant states that the allegations set forth in paragraph 24 of the Complaint constitute legal conclusions as to which no answer is required. To the extent that any response is required, Defendant denies the allegations set forth in paragraph 24 of the Complaint.

25. Defendant states that the allegations set forth in paragraph 25 of the Complaint constitute legal conclusions as to which no answer is required. To the extent that any response is required, Defendant denies the allegations set forth in paragraph 25 of the Complaint.

### As To COUNT IV
### (Declaratory Judgment)

26. Defendant restates and incorporates by reference its answers to paragraphs 1 through 25 above as if set forth herein.

27. Defendant states that the allegations set forth in paragraph 27 of the Complaint constitute legal conclusions as to which no answer is required. To the extent that any response is required, Defendant denies the allegations set forth in paragraph 27 of the Complaint.

28. Defendant states that the allegations set forth in paragraph 28 of the Complaint constitute legal conclusions as to which no answer is required. To the extent that any response is required, Defendant denies the allegations set forth in paragraph 28 of the Complaint.

29. Defendant states that the allegations set forth in paragraph 29 of the Complaint constitute legal conclusions as to which no answer is required. To the extent that any response is required, Defendant denies the allegations set forth in paragraph 29 of the Complaint.

### As To COUNT V
### (Breach of the Covenant of Good Faith and Fair Dealing)

30. Defendant restates and incorporates by reference its answers to paragraphs 1 through 29 above as if set forth herein.

31. Defendant admits that Defendant and Plaintiff entered into a written contract. Defendant states that the remaining allegations set forth in paragraph 31 of the Complaint constitute legal conclusions as to which no answer is required. To the extent that any response is required, Defendant denies the remaining allegations set forth in paragraph 31 of the Complaint.

32. Defendant states that the allegations set forth in paragraph 32 of the Complaint constitute legal conclusions as to which no answer is required. To the extent that any response is required, Defendant denies the allegations set forth in paragraph 32 of the Complaint.

33. Defendant states that the allegations set forth in paragraph 33 of the Complaint constitute legal conclusions as to which no answer is required. To the extent that any response is required, Defendant denies the allegations set forth in paragraph 33 of the Complaint.

### As To COUNT VI
### (Unjust Enrichment and Restitution)

34. Defendant restates and incorporates by reference its answers to paragraphs 1 through 33 above as if set forth herein.

35. Defendant states that the allegations set forth in paragraph 35 of the Complaint constitute legal conclusions as to which no answer is required. To the extent that any response is required, Defendant denies the allegations set forth in paragraph 35 of the Complaint.

### As To COUNT VII
### (Violation of M.G.L. ch. 93A)

36. Defendant restates and incorporates by reference its answers to paragraphs 1 through 35 above as if set forth herein.

37. Defendant states that Count VII has been dismissed by the Court, and therefore no answer to the allegations set forth in Paragraph 37 of the Complaint is required.

38. Defendant states that Count VII has been dismissed by the Court, and therefore no answer to the allegations set forth in Paragraph 38 of the Complaint is required.

39. Defendant states that Count VII has been dismissed by the Court, and therefore no answer to the allegations set forth in Paragraph 39 of the Complaint is required.

40. Defendant states that Count VII has been dismissed by the Court, and therefore no answer to the allegations set forth in Paragraph 40 of the Complaint is required.

41. Defendant states that Count VII has been dismissed by the Court, and therefore no answer to the allegations set forth in Paragraph 41 of the Complaint is required.

### SECOND DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to plead its claims with sufficient particularity required under Fed. R. Civ. P. 9(b), in that Plaintiff fails to specifically identify what allegedly misleading and/or false statements upon which Plaintiff allegedly relied were made.

## FIFTH DEFENSE

Plaintiff's recovery of damages is barred, in whole or in part, by his failure to mitigate damages.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the parol evidence rule.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff's interpretation of the Policy would render it unenforceable as a matter of public policy.

## ADDITIONAL DEFENSES

Defendant reserves the right to assert additional defenses as they become known through the course of discovery.

WHEREFORE, Defendant demands judgment dismissing Plaintiff's claims in their entirety, awarding Defendant its reasonable attorneys' fees and costs, and affording such other and further relief as the Court deems just and proper.

-8-

Respectfully submitted,

NEW YORK LIFE INSURANCE AND
ANNUITY CORPORATION

By its attorneys,

 /s/ John D. Donovan, Jr.
John D. Donovan, Jr. (BBO # 130950)
Robert G. Jones (BBO #630767)
Levina Wong (BBO #654510)
ROPES & GRAY LLP
One International Place
Boston, MA 02110
(617) 951-7000

Dated: April 1, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2005, I served a copy of Defendant's Answer, by hand, upon P. Andy Henderson, Jr., Looney & Grossman LLP, 101 Arch Street, Boston, MA 02110, counsel for Plaintiff.

 /s/ Levina Wong
Levina Wong