PROPOSED ORDER

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BARRY LINTON, | : |
| Plaintiff | : |
| v. | : |
| NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION, | : C.A. No. 04-11362-RWZ |
| Defendant. | : |

**STIPULATED PROTECTIVE ORDER**

**WHEREAS**, Plaintiff Barry Linton, and Defendant New York Life Annuity and Insurance Corporation (each sometimes hereinafter referred to as a "party" and collectively as "the parties") recognize that a number of the documents and other information to be produced and/or disclosed in this action may be deemed by the producing or disclosing party ("Producing Party") to be or to contain information of a confidential nature ("CONFIDENTIAL INFORMATION");

**WHEREAS,** the parties recognize that witnesses may be called upon to testify to or about CONFIDENTIAL INFORMATION; and

**WHEREAS,** the parties desire to facilitate fair and efficient discovery while insuring that confidential information produced or disclosed in the course of this litigation shall not be used for any purpose other than the good faith litigation of this action.

**THEREFORE,** the parties have stipulated and agreed to the entry of this Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and it appearing to the Court that a protective order will facilitate discovery,

**IT IS HEREBY ORDERED:**

1. The word "document" shall have the full meaning ascribed to it in Fed. R. Civ. P. 34.

2. The term "CONFIDENTIAL INFORMATION" refers to all documents, portions of deposition transcripts, testimony and other information eligible for confidential treatment under Fed .R. Civ. P. 26(c) (7) that have been designated "CONFIDENTIAL" in accordance with the provisions of this Order and all copies, excerpts, summaries, notes, court papers or other materials that in whole or in part reveal the substance or content of, or are derived from, such information. A CONFIDENTIAL designation shall refer to CONFIDENTIAL INFORMATION, which belongs to or has been generated by a party and in the exercise of good faith such party possesses a right to maintain such information as confidential on the basis of proprietary right, trade secrets or other common law or statutory right.

3. With respect to all documents or other material designated as CONFIDENTIAL, "Qualified Person" shall mean:

    (a) any attorney who has filed an appearance representing any party in this action and the staff of such attorney of record to whom it is necessary to disclose such CONFIDENTIAL information for purposes of this lawsuit;

    (b) current employees, officers and directors of the Producing Party, for purposes reasonably relating to party's participation in this litigation;

    (c) a prospective witness or witness to the extent that counsel has a good faith belief that the witness already would have had knowledge, awareness or notice of the CONFIDENTIAL INFORMATION and after such prospective witness has signed a document in the form of the Agreement attached hereto as Exhibit A (stating that he or she has read and understands this Order and agrees to be bound by its terms). Counsel shall retain executed copies of all such Exhibit A forms throughout the pendency of this litigation;

    (c) any independent expert or independent consultant serving any such

attorney of record solely for the purpose of assisting in the preparation or trial of this case after the expert or consultant has signed a document in the form of the Agreement attached hereto as Exhibit A (stating that he or she has read and understands this Order and agrees to be bound by its terms). Counsel shall retain executed copies of all such Exhibit A forms throughout the pendency of this litigation ;

    (d) any person agreed to in writing by the parties; and

    (e) any other person who is designated as a Qualified Person by order of this Court, after notice to all parties.

    4. Any CONFIDENTIAL INFORMATION obtained by any party from another party or from a non-party witness in the course of this lawsuit shall be used by the receiving party solely for the preparation and trial of this lawsuit and for no other purpose. No CONFIDENTIAL INFORMATION shall be used as a basis for any oral declaration, written statement or act, which is not necessary for the prosecution or defense of this action.

    5. Any party or non-party witness producing a document or tangible thing in this action may obtain treatment as CONFIDENTIAL INFORMATION, as set out in this Order, for such document or thing by marking it with the following or a similar legend:

      CONFIDENTIAL OR CONFIDENTIAL INFORMATION

    The production of documents and things for the purposes of inspection shall not constitute a waiver of confidentiality. If documents and things produced for purposes of inspection have not been marked prior to inspection, such inspection shall be for the eyes of Qualified Persons only, and all documents and things so inspected shall be treated as CONFIDENTIAL INFORMATION until copies are provided. The party producing documents and things shall mark such documents and things as are selected for copying and as are deemed CONFIDENTIAL INFORMATION with the appropriate legend set forth above.

    6. ALL CONFIDENTIAL INFORMATION not reduced to documentary, tangible

or physical form or which cannot conveniently be designated in the manner set forth in paragraph 5 hereof shall be designated by the producing party or non-party witness by informing the receiving party in writing no later than the time at which a copy is furnished to the receiving party.

8.  Information disclosed at the deposition of a party or non-party witness or one of its present or former officers, directors, employees, agents, consultants, technical advisors or experts shall be treated as CONFIDENTIAL INFORMATION until at least fourteen (14) days after a transcript of said deposition has been provided to all parties, or 21 days from the date of execution hereof, whichever is later, or until such other time as the parties and the non-party witness, if any, shall agree.  Such information may be designated by any party or non-party witness as CONFIDENTIAL INFORMATION by indicating on the record at the deposition that the testimony is CONFIDENTIAL INFORMATION and subject to the provisions of this Order. Any party or non-party witness also may designate information disclosed at such deposition as CONFIDENTIAL INFORMATION by notifying all parties in writing, within fourteen (14) days of receipt of the transcript or at such other time as the parties and the non-party witness, if any, shall agree, of the specific pages and lines of the transcript which contain CONFIDENTIAL INFORMATION.  Each party and non-party witness shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or control.

9.  Should counsel, during the course of discovery or pretrial proceedings, designate documents, information, or testimony as CONFIDENTIAL INFORMATION all persons other than Qualified Persons described in paragraph 3 and representatives of the Court shall be excluded from the discovery or pretrial proceedings at which such CONFIDENTIAL INFORMATION including documents, tangible things or transcripts are used until further order of the Court, except that counsel for a producing party or non-party may use documents produced by the party or non-party whom he represents in the examination of an opposing party, and such document shall continue to be treated as CONFIDENTIAL INFORMATION for the

purposes of this Order and the party examined shall be bound by the obligations contained herein and provided further that counsel may use the documents produced by an opposing party or non-party in the examination of such party or non-party who produced such documents and such documents shall continue to be treated as CONFIDENTIAL INFORMATION for the purposes of this Order.

10. Any information designated as CONFIDENTIAL INFORMATION shall not be disclosed or made available to persons other than Qualified Persons or the party or non-party witness who produced the CONFIDENTIAL INFORMATION, except as provided in this Order or otherwise ordered by this Court.

11. Nothing in this Order shall prevent disclosure of information within the scope of this Order if the party or non-party witness designating the information as CONFIDENTIAL INFORMATION consents to such disclosure, or if the Court, after notice to the parties, orders such disclosure.

12. The inadvertent or unintentional disclosure by the producing party of CONFIDENTIAL INFORMATION, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver, in whole or in part, of a claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. In any event, counsel for the parties upon discovery of inadvertent error shall cooperate to restore the confidentiality of the CONFIDENTIAL INFORMATION.

13. A party shall not be obligated to challenge the propriety of a CONFIDENTIAL INFORMATION designation at the time made, and a failure to do so at any time, not just upon designation, shall not preclude a subsequent challenge thereto. In the event that any party to this lawsuit disagrees at any point in these proceedings with the designation by the producing party or non-party witness of any information as CONFIDENTIAL INFORMATION, the parties and the non-party witness, if any, first shall try to dispose of such dispute in good faith on an

informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court, and the producing party or non-party witness asserting confidentiality shall have the burden of proving same.

14.  Any person may be examined as a witness at deposition and trial concerning CONFIDENTIAL INFORMATION of which such person has prior knowledge. Without in any way restricting the foregoing:

(a)  a present director, officer, agent and/or employee of a producing party or nonparty witness may be examined concerning all CONFIDENTIAL INFORMATION which has been produced by that party or non-party witness;

(b)  a former director, officer, agent and/or employee of a producing party or non-party witness may be examined concerning that portion of the CONFIDENTIAL INFORMATION produced by that party or non-party witness which pertains to the period or periods of his employment and prior thereto;

(c)  non-parties may be examined concerning that portion of the CONFIDENTIAL INFORMATION of a producing party which appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the producing party or a representative of such producing party; and

(d)  a Qualified Person who has signed the Agreement attached hereto as Exhibit A as provided by paragraphs 3(d) or 4(c) may be examined concerning all CONFIDENTIAL INFORMATION.

15.  If any witness is represented by an attorney who is not a Qualified Person with respect to such information, then prior to the examination the attorney will be requested to sign a document, in the form of the Agreement attached hereto as Exhibit A, agreeing that he or she will comply with the terms of this Stipulated Protective Order and maintain the confidentiality of CONFIDENTIAL INFORMATION disclosed during the course of the examination. In the event

such attorney declines to give such written acknowledgment, the parties, by their attorneys, will jointly seek a further protective order from the Court prohibiting such attorney from disclosing such CONFIDENTIAL INFORMATION.

16. CONFIDENTIAL INFORMATION (including confidential portions of documents or transcripts), or any document which discloses the substance or content of CONFIDENTIAL INFORMATION used in connection with any motion, other written submission, hearing or trial in this action, shall be impounded in accord with the provisions of Local Rule 7.2, submitted to the Court for in camera inspection, or submitted to the Court in such other manner as the parties and the Court may agree to protect the confidentiality of such information. The original and all copies of any document constituting or containing CONFIDENTIAL INFORMATION shall state in bold letters on the first page of the document that it is confidential.

17. At the conclusion of this action by judgment or otherwise, all CONFIDENTIAL INFORMATION, and any copies thereof, shall be returned to the party or non-party witness furnishing the same. In addition, all summaries or other materials containing or disclosing information contained in such CONFIDENTIAL INFORMATION shall be returned to the party or non-party witness furnishing the same, or shall be destroyed and the destruction thereof shall be certified in writing to the producing party or non-party witness; provided, however that briefs and other court papers prepared for use in this action need not be returned or destroyed but may be retained only by the parties' outside attorneys and, if so retained, shall be maintained confidential. This Order shall continue to be binding after the conclusion of this litigation.

18. Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to his or her client with respect to this lawsuit and in the course thereof, referring to or relying upon his or her examination of CONFIDENTIAL INFORMATION; provided, however, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose the content of any CONFIDENTIAL INFORMATION.

19. It is not the intention of this Order to address any objections to discovery on the grounds of attorney-client privilege or work product. Moreover, nothing in this Order preclude any party from seeking either modification of this or such further relief from the Court as may be appropriate the Federal Rules of Civil Procedure.

| BARRY LINTON | NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION |
|---|---|
| By his attorneys, | By its attorneys, |
| /s/ P. Andy Henderson, Jr.<br>Richard J. Grahn (BBO #206620)<br>P. Andy Henderson, Jr. (BBO #655891)<br>Looney & Grossman LLP<br>101 Arch Street<br>Boston, MA 02110<br>(617) 951-2800 | /s/ Levina Wong<br>John D. Donovan, Jr. (BBO # 130950)<br>Robert G. Jones (BBO #630767)<br>Levina Wong (BBO #654510)<br>ROPES & GRAY LLP<br>One International Place<br>Boston, MA 02110<br>(617) 951-7000 |
| Dated: May 17, 2005 | Dated: May 17, 2005 |

**SO ORDERED**

_____
Rya W. Zobel, U.S.D.J.

Dated: May 31, 2005