UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BARRY LINTON,<br><br>    Plaintiff<br><br>v.<br><br>NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION,<br><br>    Defendant. | C.A. No. 04-11362-RWZ |

**DECLARATION OF LEVINA WONG TRANSMITTING DOCUMENTS RELIED UPON IN DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

I, LEVINA WONG, hereby declare:

1. I am a member of the bar of the Commonwealth of Massachusetts and of this Court. I am an associate with Ropes & Gray LLP, and counsel to Defendant, New York Life Insurance and Annuity Corporation ("New York Life"). I submit this Declaration in support of New York Life's Motion for Summary Judgment to place before the Court documents referenced in New York Life's Statement of Undisputed Material Facts Pursuant to Local Rule 56.1 and Memorandum of Law in Support of Defendant's Motion for Summary Judgment.

2. Attached hereto as Exhibit A is a true and correct copy of plaintiff Barry Linton's Flexible Premium Variable Universal Life Insurance Policy (the "Policy"), issued by New York Life in June 1999.

3. Attached hereto as Exhibit B is a true and correct copy of the May 1, 1999 prospectus, filed with the Securities and Exchange Commission and issued in connection with the Flexible Premium Variable Universal Life Insurance Policy (the "1999 Prospectus").

4. Attached hereto as Exhibit C is a true and correct copy of the Telephone Authorization Form signed by Plaintiff Barry Linton.

5. Attached hereto as Exhibit D is a true and correct copy of the relevant portions of the May 1, 2002 prospectus, filed with the Securities and Exchange Commission and issued in connection with the Flexible Premium Variable Universal Life Insurance Policy (the "2002" Prospectus").

6. Attached hereto as Exhibit E is a true and correct copy of the relevant portions of the May 1, 2003 prospectus, filed with the Securities and Exchange Commission and issued in connection with the Flexible Premium Variable Universal Life Insurance Policy (the "2003 Prospectus").

7. Attached hereto as Exhibit F is a true and correct copy of a brochure entitled, "Contemporary Investment Management Limited Partnership," bearing the Bates numbers PR0287-0296.

8. Attached hereto as Exhibit G is a true and correct copy of "Confidential Offering Memorandum of Contemporary Investment Management, L.P." as produced by Plaintiff on or about November 4, 2005.

9. Attached hereto as Exhibit H is a true and correct copy of "Agent's Contract," bearing the Bates numbers NY0661-0665.

10. Attached hereto as Exhibit I is a true and correct copy of "A List of Funds" as produced by Plaintiff to Defendant on or about November 4, 2005.

11. Attached hereto as Exhibit J is a true and correct copy of a letter from B. Linton to Customer Service, dated June 11, 1999, bearing Bates numbers BL0004-0005.

12.  Attached hereto as Exhibit K is a true and correct copy of a letter from J. Hess to B. Linton, dated June 21, 1999, bearing Bates numbers NY0623.

13.  Attached hereto as Exhibit L is a true and correct copy of a letter from Paul Redfearn to Barry Linton, dated June 30, 1999, bearing Bates numbers BL0047.

14.  Attached hereto as Exhibit M is a true and correct copy of a letter from P. Redfearn to P. McAvinn, dated June 30, 1999, bearing Bates numbers NY0624-0625.

15.  Attached hereto as Exhibit N is a true and correct copy of a letter from J. Hess to B. Linton, dated July 26, 1999, bearing Bates numbers NY0627-0628.

16.  Attached hereto as Exhibit O is a true and correct copy of a letter from M. Kern, New York Life to B. Linton, dated June 13, 2003, bearing Bates numbers NY0001-0002.

17.  Attached hereto as Exhibit P is a true and correct copy of a letter from B. Linton to M. Kern, New York Life, dated June 19, 2003, bearing Bates numbers BL0053.

18.  Attached hereto as Exhibit Q is a true and correct copy of a letter from M. Kern, New York Life to B. Linton, dated July 9, 2003, bearing Bates numbers NY0471-0472.

19.  Attached hereto as Exhibit R is a true and correct copy of a letter from M. Kern, New York Life to B. Linton, dated June 1, 2004, bearing Bates numbers NY0468.

20.  Attached hereto as Exhibit S is a true and correct copy of the Plaintiff's Responses to Defendant's First Set of Interrogatories.

21.  Attached hereto is Exhibit T is a true and correct copy of the relevant portions of the May 1, 2004 Prospectus, filed with the Securities and Exchange Commission and issued in connection with the Flexible Premium Variable Life Insurance Policy (the "2004 Prospectus").

22.  Attached hereto as Exhibit U is a true and correct copy of a spreadsheet detailing fees charged to Plaintiff, bearing Bates number NY0868.

23. Attached hereto as Exhibit V is a true and correct copy of the Transcript of the Deposition of Barry J. Linton, dated October 13, 2005.

24. Attached hereto as Exhibit W is a true and correct copy of the Transcript of the Deposition of JoAnn Lepke, dated December 5, 2005.

25. Attached hereto as Exhibit X is a true and correct copy of the Transcript of the Deposition of John Hess, Jr., dated November 29, 2005.

26. Attached hereto as Exhibit Y is a true and correct copy of the Transcript of the Deposition of Paul Redfearn, dated October 7, 2005.

27. Attached hereto as Exhibit Z is a true and correct copy of "Change of Premium/ Expense Allocation and Funds Transfer Form," bearing Bates numbers NY1554-1555.

28. Attached hereto as Exhibit AA is a true and correct copy of a letter from B. Linton to New York Life, dated July 10, 2003, bearing Bates numbers NY1553.

29. Attached hereto as Exhibit BB is a true and correct copy of a quarterly statement relating to Mr. Linton's policy No. 63 615 359, dated April 1, 2005, bearing Bates numbers NY0536-0540.

30. Attached hereto as Exhibit CC is a true and correct copy of Mutual Fund Redemption Fees, Investment Company Act Release No. IC-26782, 70 FR 13328 (Mar. 18, 2005).

-5-

I declare under penalty of perjury that the foregoing is true.

EXECUTED this 13th day of February, 2006 in Boston, Massachusetts.

_____
Levina Wong