EXHIBIT 3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BARRY LINTON,<br><br>    Plaintiff<br><br>    v.<br><br>NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION,<br><br>    Defendant. | :<br>:<br>:<br>:<br>:<br>:  C.A. No. 04-11362-RWZ<br>:<br>:<br>:<br>: |

**NEW YORK LIFE INSURANCE AND
ANNUITY CORPORATION'S
OBJECTIONS AND RESPONSES TO
<u>PLAINTIFF'S FIRST SET OF INTERROGATORIES</u>**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant New York Life Insurance and Annuity Corporation ("New York Life") responds to Plaintiff Barry Linton's First Set of Interrogatories (the "Interrogatories") served December 9, 2005.

<u>GENERAL OBJECTIONS</u>

1.      New York Life provides this response without waiver of or prejudice to its right, at any later time, to raise objections to: (a) the relevance, materiality, or admissibility of (i) any interrogatory or any part thereof, or (ii) statements made in this response to the interrogatories or any part thereof, or (b) any further demand for discovery involving or relating to the matters raised in the Interrogatories.

2.      The responses set forth below are based upon information now available to New York Life. New York Life may in the future obtain or locate additional information responsive to the Interrogatories or relevant to New York Life's specific responses to the Interrogatories. New York Life reserves the right, at any time, to revise, correct, supplement, modify, or clarify

correspondence ... ." In addition, New York Life objects to Interrogatory No. 3 to the extent it mischaracterizes New York Life's Answer.

Subject to the foregoing objections, in response to Interrogatory No. 3, New York Life cites to documents bearing Bates labels: NY 0003-0034; NY 0050-0106; NY 0113-0467; NY 0623; NY 0627-0628; NY 0001-0002 and NY 0471-0472. Answering further, Defendant states that Plaintiff's right to make transfers in accordance with the provisions of the Policy have not been changed.

**Interrogatory No. 4:**
Please state whether Paul Redfearn was an authorized agent of the Defendant with respect to the sale of Policy to the Plaintiff.

**Response to Interrogatory No. 4:**

Subject to the General Objections set forth above, in response to Interrogatory No. 4, New York Life states that Paul Redfearn was an independent agent of New York Life.

**Interrogatory No. 5:**
Please state the basis for representations made by Paul Redfearn to the Plaintiff prior to the sale of the Policy, that the terms of the Policy could not be amended through subsequently delivered prospectuses for the product.

**Response to Interrogatory No. 5:**

In addition to the General Objections set forth above, New York Life objects to Interrogatory No. 5 to the extent that it mischaracterizes the alleged representations made by Paul Redfearn. Subject to the foregoing objections, New York Life's response is limited to stating that Mr. Redfearn is and was at the time prior to the sale of the Policy an independent agent for New York Life and, as such, was authorized to solicit Plaintiff to purchase the Policy using marketing materials and illustrations authorized by New York Life. New York Life, however, cannot speak on Mr. Redfearn's behalf as to the basis for any representations he may

**Response to Interrogatory No. 13**:

In addition to the General Objections set forth above, New York Life objects to Interrogatory No. 13 on the grounds that it is vague and ambiguous to the extent that it fails to identify specifically Defendant's alleged contention. New York Life further objects to Interrogatory No. 13 to the extent it attempts to characterize any alleged contentions may or may not have been made by New York Life. In addition, New York Life objects to Interrogatory No. 13 on the grounds that it is vague and ambiguous to the extent the term "agreed to be bound by the terms of the 2003 Prospectus" is vague and ambiguous in this context.

Subject to the foregoing objections, in response to Interrogatory No. 13, New York Life states that the parties are "bound" by the contract, which is comprised of "the policy, any attached riders or endorsements, and the attached copy of the application." New York Life further states as the basis for its contention that Plaintiff "agreed to be bound by the terms" of the Policy that Plaintiff completed an application on June 11, 1999, invested an initial $100,000 in consideration of the Policy, and failed to cancel the Policy within the "free look" period. In further response, New York Life cites to documents Bates labeled: NY 0003-0034; NY 0050-0106; NY 0113-0467; and PR 0044.

**Interrogatory No. 14**:
Please state whether the Defendant conveyed to the Plaintiff any objection to the transfer activity under the Policy between June 11, 1999 and June 8, 2003.

**Response to Interrogatory No. 14**:

Subject to the General Objections set forth above, in response to Interrogatory No. 14, New York Life states that it did not convey to the Plaintiff any objection to the transfer activity under the Policy between June 11, 1999 and June 8, 2003.