EXHIBIT 16



Paul E. Redfearn, CLU, ChFC, CFP
*Financial Adviser**

REDFEARN
Financial Companies
*Your Private Financial Architect*



October 17, 2003

Ms. Meghan E. McHale
Complaint Review Unit
New York Life Insurance Company
51 Madison Avenue
New York, NY    10010

SUBJECT:
Client: Barry J. Linton
Contract #: 63 615 359
Case ID #: 1656-2003

Dear Ms McHale:

Pursuant to your October 9, 2003, I am writing to provide additional details on the above-cited Case ID.

Mr. Linton had initially acquired from me a significant amount of term insurance for business and personal purposes in 1996. In early 1999 we began to have discussions in earnest regarding the benefit of permanent life insurance protection over term insurance. We began to explore Variable Universal Life, specifically, as Mr. Linton's occupation involves the management of client investment assets through the purchase and sale of mutual funds.

I recall having several conversations during meetings and by phone as he and his wife endeavored to more fully understand the NYLIAC's VUL contract provisions, mechanics of the program, and tax applications. Throughout all of our conversations it was clear to me that the Lintons' intention from the outset was to initiate a program that would maximize the potential tax-sheltered buildup over time, coupled with potentially tax-favorable distributions from the policy in future years. I made it abundantly clear that the then current policy prospectus governed all aspects of the policy, including the rights of the policyowner as well as those of the New York Life Insurance and Annuity Corporation. During their process of fully reviewing the policy prospectus, I remember fielding a number of calls and inquiries requesting further elaboration on some of the wording of the prospectus. Also as you requested, I am enclosing correspondence dated June 11, 1999, June 21, 1999, and June 30, 1999, and July 26, 1999, attesting to some of the queries (and company response) the Lintons had made in writing regarding policy contract provisions.

(continued)

CONFIDENTIAL
PR0494

125 Main Street
Reading, MA 01867

TEL 781.944.9000
FAX 781.944.9400
EMAIL paul@RedfearnFinancial.com
www.RedfearnFinancial.com

*Paul E. Redfearn, Registered Representative offering securities through NYLIFE Securities, Inc., Member NASD/SIPC.
800 South Street, Suite 600, Waltham, MA 02453 – (781) 647-4100
Financial adviser offering investment advisory services through Eagle Strategies Corp., A Registered Investment Adviser.
Redfearn Financial Companies is not owned or operated by NYLIFE Securities, Inc. or its affiliates.

Ms. Meghan E. McHale
Page 2.

We ultimately developed a planned premium as outlined in the enclosed NYLIAC VUL illustration dated March 10, 1999. This arrangement called for an annual premium of $100,000 to be paid in over a five-year period. The face amount of coverage was intentionally reduced to the lowest face amount possible (rounded up to $1,850,000) to accommodate this premium schedule without violating the Modified Endowment Contract maximum premium provisions.

I hope this information is helpful. Please advise should you require further information.

Thank you.

Sincerely,

Paul E. Redfearn, CLU, ChFC, CFP

CONFIDENTIAL