UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

BARRY LINTON,                              :
                                           :
    Plaintiff                             :
                                           :
v.                                         :
                                           :
NEW YORK LIFE INSURANCE AND ANNUITY        :
CORPORATION,                               :  C.A. No. 04-11362-RWZ
                                           :
    Defendant.                            :
                                           :
_____


**PLAINTIFF'S RESPONSE TO DEFENDANT'S CONCISE
STATEMENT OF UNDISPUTED FACTS**

Plaintiff Barry Linton (hereinafter "Plaintiff") responds below to each of the numbered paragraphs of the Defendant's Statement of Undisputed Material Facts pursuant to rule 56.1. Where a question of fact is admitted, it is for the purposes of the instant motion for summary judgment only:

1. Plaintiff does not dispute the facts set forth in paragraph 1.

2. Plaintiff does not dispute the facts set forth in paragraph 2.

3. Plaintiff does not dispute that from 1987 – 1991 he managed Shetland Properties, an industrial real estate company and that as its financial advisor he implemented an investment strategy that market timed mutual funds.

4. Plaintiff does not dispute the facts set forth in paragraph 4.

5. Plaintiff does not dispute the facts set forth in paragraph 5.

6. Plaintiff does not dispute that his investment strategy followed the trends of mutual funds and that it identifies what price a fund was expected to close at on any given day, which was compared to historical data. Plaintiff disputes that his strategy resulted in daily transfers into and out of mutual funds. *See Linton Dep. Tr. at 37-41, attached as Exhibit*

*V to the Declaration of Levina Wong filed in Support of Defendant's Motion for Summary Judgment (hereinafter "Wong Decl.")*

7. Plaintiff does not dispute to the facts set forth in the first sentence of Paragraph 7. However, Plaintiff disputes the characterization of the second sentence in that it is the computer model that predicts the change in price and compares it to the historical data. *See Linton Dep. Tr. at 37-41,Exhibit V* to Wong Decl. Plaintiff admits that his investment strategy had to be immediately effected by telephone or over the Internet or other means, but not by mail.

8. Plaintiff does not dispute that between 1991 and 1994 he had trades stopped once or twice by mutual fund companies for trading too frequently, in his investment advisory business, but not with respect to the Policy.

9. Plaintiff does not dispute that he formed CIM with Edmund K. Parenti in 1994. *See Linton Dep. Tr. at p. 26*, *Exhibit V to Wong Decl.*

10. Plaintiff does not dispute that at CIM he employed the same buy/sell momentum analysis but denies that he overall investment strategy was the same. *See Linton Dep. Tr. at p. 142-143, Exhibit V to Wong Decl.*

11. Plaintiff does not dispute the facts set forth in paragraph 11.

12. Plaintiff does not dispute the facts set forth in paragraph 12.

13. Plaintiff does not dispute that in his investment advisory business he received notices from mutual funds that either a trade had been stopped or that an account had been stopped from trading. No such notices were ever received in connection with the Policy. Plaintiff admits the second sentence of Paragraph 3. Plaintiff disputes the facts set forth in the third sentence of Paragraph 3. See *Linton Dep. Tr. at 22-23*, as attached *Exhibit V* to Wong Decl.. Plaintiff adds that New York Life decision to impose limitations on transfers in 2003 was not due to notices from any of its mutual funds to stop Mr. Linton's trading. *See Hess Dep. Tr.50-51, Exhibit X to Wong Decl.*

14. Plaintiff does not dispute the fact that CIM received notices that a trade had been stopped from the mutual funds set forth in paragraph 14, however, Plaintiff disputes that the reason was due excessive trading. Plaintiff adds that the term "excessive" in this context is an opinion and not a fact. Plaintiffs add that each mutual fund is different and that each has its own set of guidelines with respect to trading restrictions. *See Linton Dep. Tr. at 22,158-159, attached as Exhibit V* to Wong Decl.. Plaintiff adds that New York Life decision to impose limitations on transfers in 2003 was not due to notices from any of its mutual funds to stop Mr. Linton's trading. *See Hess Dep. Tr.50-51, Exhibit X to Wong Decl.*

15. Plaintiff does not dispute that CIM went out of business in 2003.

16. Plaintiff does not dispute the facts set forth in paragraph 16.

17. Plaintiff does not dispute the facts set forth in paragraph 17.

18. Plaintiff does not dispute the facts set forth in paragraph 18.  Plaintiff disputes that Ms. Lepke owned a variable universal life policy sold by Pacific Life Insurance Company but admits that TDC employed a similar investment strategy to that account.  S*ee Lepke Tr. at 25-26, 28,* attached as *Exhibit W* to Wong Decl.

19. Plaintiff does not dispute that Ms. Lepke and TDC had been restricted or suspended from making further investments in the mutual funds stated in Paragraph 19.  Plaintiff adds that each mutual fund is different and that each has its own set of guidelines with respect to trading restrictions. *See Linton Dep. Tr.* at 22, 158-159, *Exhibit V to Wong Decl.* Plaintiff adds that New York Life decision to impose limitations on transfers in 2003 was not due to notices from any of its mutual funds to stop Mr. Linton's trading. *See Hess Dep. Tr.50-51*, *Exhibit X to Wong Decl.*

20. Plaintiff does not dispute the facts set forth in Paragraph 20.  Plaintiff adds that the Policy is "variable" because the death benefit and cash surrender value may fluctuate depending on the performance of the Investment Divisions.  *See Exhibit B at p. 6 to Wong Decl.*

21. Plaintiff does not dispute the facts set forth in paragraph 21.

22. Denied.  Plaintiff adds that the Exhibit referenced does not support the statement made.  *See Exhibit D* at NY0051, *attached to Wong Decl.*

23. Plaintiff does not dispute the facts set forth in paragraph 23.

24. Plaintiff does not dispute that paragraph 24 accurately depicts section 5.12 of the Policy.  Plaintiff disputes that Exhibit Z was specially designed for the purpose stated in paragraph 24.  Neither the Policy nor the record supports this allegation.  *See Exhibit Z and Exhibit A to Wong Decl*.

25. Plaintiff does not dispute that the Policy contains the provisions stated in paragraph 25..

26. Plaintiff does not dispute the facts set forth in paragraph 26.

27. Plaintiff does not dispute the facts set forth in paragraph 27

28. Plaintiff does not dispute the facts set forth in the first sentence of paragraph 28.  Plaintiff disputes the characterization of updates to the annual prospectuses as "administrative" or "business" as they are a matter of opinion.  Plaintiff adds that he was informed by the New York Life agent that the Prospectus that was in place at the time he purchased his policy was the one that governed his Policy.  According to Mr. Redfearn, Mr. Linton could throw all subsequent prospectuses away because they did not apply to him. *See*

*Henderson Aff.[1], Exhibit 2, Redfearn Dep., at pg. 131-132; Henderson Aff., Exhibit 1, Linton Dep. p. 69, 70, 107; Henderson Aff., Exhibit 4, Lepke Dep. at pg. 44-46; Exhibit A, Linton Aff., at ¶ 13; Henderson Aff, Exhibit 16.*

29. Plaintiff does not dispute that paragraph 29 accurately depicts what the 1999 Prospectus and 2003 Prospectus state.

30. Plaintiff does not dispute that the internet was added in 2002 however, Plaintiff adds that the statements set forth in paragraph 30 are not supported by the Exhibits cited. Plaintiff further disputes the characterization of the changes as "administrative" as it is a matter of opinion and not fact and further states the term "administrative" is not used in the document cited. In addition, adding the internet as an option is consistent with the parties understanding of immediate transfers within Investment Divisions. *See Exhibit A[2], Linton Aff., at 8-12.*

31. Plaintiff does not dispute that paragraph 31 accurately reflects page 2.2 of the Policy, however Plaintiff adds that in no way does this statement inform Plaintiff that his ability to make unlimited transfers within investments Divisions could be restricted unilaterally by New York Life, nor does it reserve the right for New York Life to do so in the future without Plaintiff's written consent. *See Henderson Aff.*, Exhibit 5; *Henderson Aff., Exhibit 10, Response number 15; Henderson Aff., Exhibit 7, Hess Dep., P. 37-38.*

32. Plaintiff does not dispute the facts set forth in paragraph 32.

33. Plaintiff does not dispute the facts set forth in paragraph 33.

34. Plaintiff does not dispute the facts set forth in paragraph 34. Plaintiff adds that Mr. Redfearn played an integral role in identifying and researching the various variable universal life products and introduced the New York Life product to Mr. Linton. *See Henderson Aff., Exhibit 1, Linton Dep. at p. 55; Henderson Aff., Exhibit 3, Plaintiff's First Set of Interrogatories, Response number 4; Exhibit A, Linton Aff., at ¶ 5, 10, 11; Henderson Aff., Exhibit 2, Redfearn Dep., at p. 116.*

35. Plaintiff does not dispute that he was not interested in the variable universal life policies for insurance purposes but wanted to employ his investment strategy and shelter the gain from taxes. *See* Henderson Aff., *Exhibit 1, Linton Dep., pp. 58-59; Exhibit A, Linton Aff., at ¶ 7.*

36. Plaintiff does not dispute the facts set forth in paragraph 36. Plaintiff adds that a material element of his investment strategy was the ability to make immediate unrestricted end of the day transfers between Investment Divisions should his models instruct him to do so.

---

[1] All citations to "*Henderson Aff., Exhibit ___*" refer to the respective exhibits to the Affidavit of P. Andy Henderson Jr. filed in support of Plaintiff's Motion for Partial Summary Judgment.

[2] All citations to "*Exhibit A, Linton Aff., at__*" refer to the Affidavit of Barry Linton filed in support of Plaintiff's Motion for Partial Summary Judgment.

*See Henderson Aff., Exhibit 2, Redfearn Dep., pgs. 50-51, 83, 86, 111-112; Henderson Aff., Exhibit 1, Linton Dep., pgs. 53, 62-64; Henderson Aff., Exhibit 4, Leptke Dep. at p. 34; Exhibit A, Linton Aff., at ¶ 8.*

37. Plaintiff does not dispute that he reviewed the 1999 Prospectus relating to the Policy and that Ms. Lepke reviewed the individual prospectuses for the underlying material funds. Plaintiff adds that the evidence cited for this proposition does not correspond. *See Linton Dep. Tr. at 113-114, Exhibit V to Wong Decl.; Lepke Dep. Tr. at 53-54, 66-67, Exhibit W to Wong Decl..*

38. Plaintiff does not dispute the facts set forth in paragraph 38.

39. Plaintiff does not dispute that he signed an application for the Policy on June 11, 1999.

40. Plaintiff does not dispute that under the 1999 Prospectus a policyholder had the option of effecting transfers among investment divisions by telephone (either through a live voice operator or the automated voice recognition system) provided the policyholder followed "established procedures". Plaintiff adds that he followed the established procedures and was able to make transfers among investment divisions by telephone in 1999. *See Henderson Aff., Exhibit 7, Hess Dep., at pgs. 36-37, 41, 49, 56-57; Henderson Aff., Exhibit 10, Response number 11; Exhibit A, Linton Aff., at ¶ 16, 17.*

41. Plaintiff does not dispute that he signed a telephone authorization form however, the telephone authorization form only affected his ability to access his PIN or the automated voice recognition system and did not affect his ability to speak with a live operator *See Linton Dep. Tr. at p. 87-88, Exhibit V to Wong Decl.*

42. Plaintiff does not dispute the facts set forth in paragraph 42.

43. Plaintiff does not dispute the facts set forth in paragraph 43. Plaintiff adds that he specifically did not choose Pacific Life because it expressly limited his ability to make unlimited transfers. *See Lepke Tr. at 60, Exhibit W to Wong Decl..*

44. Plaintiff does not dispute the facts set forth in paragraph 44.

45. Plaintiff does not dispute that he received a response to his June 11, 1999 letter from John Hess. Plaintiff adds that in no way did Mr. Hess' response affected his ability to make immediate transfers in investment divisions, which was a material term of the contract. Mr. Linton would not have purchased the Policy if Defendant had an ability to prevent him from employing his investment strategy. Even if New York Life did reserve the right, which Plaintiff denies, the language quoted in paragraph 45 is not in the Policy or the 1999 Prospectus. *See* Henderson Aff., *Exhibit 2, Redfearn Dep., p. 131-133; Exhibit A, Linton Aff., at ¶ 24; Henderson Aff., Exhibit 5: Henderson Aff.,, Exhibit 6.*

46. Plaintiff does not dispute that the June 30, 1999 letter referenced in paragraph 46 contains the provision quoted in paragraph 46.

47. Plaintiff does not dispute that he received a further response from Mr. Hess however Plaintiff disputes that the response addressed a material term of the Policy.

48. Plaintiff does not dispute the facts set forth in paragraph 48.

49. Plaintiff does not dispute the facts set forth in paragraph 49.

50. What Mr. Redfearn believed at the time is not a fact but an opinion. Plaintiff disputes the fact that the assurance was not true.

51. Plaintiff does not dispute that the facts set forth in paragraph 51. However, when the 2000 Prospectus arrived in the mail Mr. Redfearn told Mr. Linton to through it away because it did not apply to his Policy *See Henderson Aff. Exhibit 4, Lepke Dep. at pgs. 45-46; See Henderson Aff., Exhibit 2, Redfearn Dep., p. 131-133*.

52. Plaintiff does not dispute that the May 1, 2002 Prospectus contains the provisions stated in paragraph 52.

53. Plaintiff does not dispute the facts set forth in paragraph 53. Plaintiff states that it is consistent with the parties understanding to effect immediate transfer between investment divisions by adding the internet.

54. Plaintiff disputes references to market timing described in paragraph 54.

55. Plaintiff does not dispute that Paragraph 55 describes one form of market timing.

56. Plaintiff does not dispute the facts set forth in paragraph 56, however Plaintiff denies Defendant's characterization that the changes added to the 2003 Prospectus are administrative as applied to him.

57. Plaintiff does not dispute that the May 1, 2003 Prospectus contains the provisions quoted in paragraph 57.

58. Plaintiff does not dispute that the May 1, 2003 Prospectus contains the provisions quoted in paragraph 58.

59. Plaintiff does not dispute the facts set forth in paragraph 59. Plaintiff adds that these new limitations are in direct conflict with the language of the Policy, which states "unlimited number of transfers". *See Henderson Aff., Exhibit 5 at 5.14*

60. Plaintiff does not dispute the facts set forth in paragraph 60. In addition, the $500,000.00 limit on transfer amounts are contradictory to the express language of the Policy. *See Henderson Aff., Exhibit 5 at 5.14*

61. Plaintiff does not dispute that **Exhibit Q** attached to Wong Decl. contains the provisions stated in paragraph 61.

62. Plaintiff does not dispute that the May 1, 2004 Prospectus contains the provisions quoted in paragraph 62, but disputes the characterization of the changes to the 2004 Prospectus as administrative in that it is more a statement of opinion and not fact. Plaintiff adds that the Policy does not reserve the right to new York Life as indicated in paragraph 62. *See Henderson Aff., Exhibit 5.*

63. Plaintiff does not dispute the facts set forth in paragraph 63.

64. Plaintiff does not dispute the facts set forth in paragraph 64.

65. Plaintiff disputes the facts set forth in paragraph 65 as they do not accurately reflect the deposition testimony.

66. Plaintiff does not dispute that **Exhibit BB** attached to Wong Decl. contains the figures stated in paragraph 66. Plaintiff adds that New York Life would not have received these amounts but for the misrepresentations made to him by Mr. Redfearn. *See Henderson Aff., Exhibit 2, Redfearn Dep., at pg. 131-132; Henderson Aff., Exhibit 1, Linton Dep. at p. 69, 70, 107; Henderson Aff., Exhibit 4, Lepke Dep. at pg. 44-45; Exhibit A, Linton Aff., at ¶ 13; Henderson Aff, Exhibit 16.*

67. Plaintiff does not dispute that **Exhibit BB** contains the figures stated in paragraph 67. Plaintiff adds that New York Life would not have received these amounts but for the misrepresentations made to him by Mr. Redfearn. *See Exhibit 2, Redfearn Dep., at pg. 131-132; Exhibit 1, Linton Dep. at p. 69, 70, 107; Exhibit 4, Lepke Dep. at pg. 44-45; Exhibit A, Linton Aff., at ¶ 13; See Henderson Aff, Exhibit 16, Letter from Paul Redfearn to New York Life, dated October 17, 2003.*

68. Plaintiff disputes the facts stated in paragraph 68. By their own admission Defendant limited Plaintiffs ability to make transfers above $500,000.00 and later $250,000.00.

69. Plaintiff does not dispute the facts set forth in paragraph 69.

70. Plaintiff does not dispute the facts set forth in paragraph 70.  The Plaintiff recognizes that genuine issues of material fact exist with respect to the quantification of the Plaintiff's damages.  See *Exhibit A, Linton Aff., at ¶ 22, 23*.

                            BARRY LINTON,

                            By his attorneys,


                            _/P. Andy Henderson/_____
                            Richard J. Grahn (BBO #206620)
                            P. Andy Henderson, Jr. (BBO#655891)
                            Looney & Grossman, LLP
                            101 Arch Street
                            Boston, MA  02110

March 13, 2006              (617) 951-2800

-9-

## Certificate of Service

       I, P. Andy Henderson, Jr., an attorney with the law firm of Looney & Grossman LLP, hereby certify that on March 13, 2006, I served a copy of the foregoing **Plaintiff's Response to Defendant's Concise Statement of Material Facts pursuant to Local Rule 56.1** was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants.

                                \P. Andy Henderson, Jr.\_____
                                 P. Andy Henderson, Jr., Esq.