UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

| | |
|---|---|
| BARRY LINTON, | : |
| | : |
| Plaintiff | : |
| | : |
| *v*. | : |
| | : |
| NEW YORK LIFE INSURANCE AND ANNUITY | : |
| CORPORATION, | :   C.A. No. 04-11362-RWZ |
| | : |
| Defendant. | : |
| | : |
| | : |

_____  :

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION TO ALTER AND AMEND JUDGMENT**

**INTRODUCTION**

Pursuant to Fed. R. Civ. P. 59(e), Plaintiff Barry Linton ("Linton") respectfully

moves for an order to alter or amend the Court's Decision and Order, dated September

18, 2006 ("Order").  The Order denied Linton's Motion for Partial Summary Judgment as

to the liability of the Defendant New York Life Insurance and Annuity Corporation

("New York Life").  In support of this motion, Linton respectfully suggests that the Court

committed clear error by holding that the contract is unambiguous.  The parties

themselves operated for over four years with a common understanding that telephone or

internet transfers were permissible under the contract.  That fact, in and of itself,

demonstrates how the parties interpreted the contract.  The Court's interpretation of the

contract is at odds with the parties' own conduct, which manifested a particular shared

contractual interpretation, a dichotomy that itself demonstrates an ambiguity.  Moreover,

the Order raises, but fails to address, the substantial disputed material facts that would

preclude summary judgment in New York Life's favor. First, Linton provided New York

Life with a signed notice that satisfied the Policy language and New York Life

representatives and gave Linton the ability to make immediate transfers within his

investment division. Second, Linton adequately proved compensable damages to support

his misrepresentation claim.

## ARGUMENT

A motion to amend or alter a judgment is the reconsideration of matters properly

encompassed in a decision on the merits.  See *White v. N.H. Dep't of Employment Sec.,*

455 U.S. 445, 451-452, 102 S. Ct. 1162 (U.S. 1982).  Reconsideration of a Court's prior

ruling is appropriate when "(1) the court is presented with newly discovered evidence; (2)

the court committed clear error; (3) there is an intervening change in controlling law; or

(4) other highly unusual circumstances exist." *11 James Wm. Moore et al., Moore's*

*Federal Practice* P 56.30[8][e] (3d ed. 2000); See *Flebotte v. Dow Jones & Co.,* 2000

U.S. Dist. LEXIS 19871, 3-4 (D. Mass. 2000).

In the present case, the Order demonstrates that the Policy language addressing

the manner in which a policyholder can make a transfer within investment divisions is in

fact ambiguous. A contract is considered ambiguous when the language is "reasonably

prone to different interpretations" or "susceptible to differing, but nonetheless plausible,

constructions." See *Babcock Borsig Power GmbH v. Babcock Power, Inc.,* 2006 U.S.

Dist. LEXIS 12318, 6-7 (D. Mass. 2006)*; see also Nat'l Fire Prot. Ass'n v. Int'l Code*

*Council, Inc.,* 2006 U.S. Dist. LEXIS 14360 (D. Mass. 2006) *citing Lanier Professional*

*Services, Inc. v. Ricci,* 192 F.3d 1, 4 (1st Cir. 1999)(citations omitted).

In the Order, the Court held that the Policy was unambiguous in that the Policy

required transfer requests to be "signed" or "written", meaning the policyholder's

2

signature on a *written document*.  However, the record demonstrates that the parties

themselves interpreted the language differently.  The parties own course of dealing

demonstrated that the form of "notice" was a telephonic or internet instruction, that gave

New York Life the information that it needed, namely a policy number, transfer amounts,

accounts, etc. *See Plaintiff's Opposition to Defendant's Motion to Dismiss.*  The

requirement that it be "signed is satisfied by use of a verified personal identification

number ("PIN") that identified Linton to New York Life.  *Id.*  This PIN was used by New

York Life for verification purposes of transfers made by policyholders, either

telephonically or over the internet.  *See* Exhibit 7 to Plaintiff's Motion for Partial

*Summary Judgment.*  New York Life admitted that the PIN number is a way they

identified a policyholder, *like a signature,* and that a policyholder could fill out the

information New York Life needed in order to make a transfer within investment

divisions on-line.  *Id.*  The fact that New York Life accepted and processed Linton's

immediate transfers in this manner for over four years is important because it establishes

that Linton had provided it with the required information under the Policy in order to

make transfers within investment divisions or that New York Life had waived that

contractual provision.

Even if the interpretation by Linton was incorrect, New York Life nevertheless

allowed or tolerated Linton's immediate transfers within his investment divisions.  By its

own actions, and as a matter of law, New York Life waived any right to object to

Linton's transfers after four years of acceptance.  *See Flynn v. Wallace*, 359 Mass. 711,

716 (Mass. 1971)(Waiver may be manifested by acts as well as by words. . . . ");  See

*McCarthy v. Tobin*, 429 Mass. 84, 89 (Mass. 1999)(The issue of waiver is ordinarily one

for the fact finder. If the facts are undisputed, however, waiver is a question of law. See,

e.g., *Linda Coal & Supply Co. v. Tasa Coal Co.*, 416 Pa. 97, 101, 204 A.2d 451 (1964)).

This was the understanding of the parties when they signed the Policy and was consistent

with the representations of Mr. Redfearn, the 1999 Prospectus and the parties' course of

performance for over four years.  Because both Linton and New York Life understood

that "notice you sign" and the "written consent" requirement was satisfied through use of

Linton's PIN either, telephonically or via the internet, the parties own interpretation of

the contract must be accorded significant weight.  The Court's determination that the

contract is unambiguous is belied by the interpretation of the contract by both of the

parties.  Even if, as the Court suggests, the contract was unambiguous, then a material

issue of fact remains as to whether the parties agreed to a modification or waiver of these

provisions.  When reasonable persons may differ regarding the interpretation of a

contract, its construction presents a disputed issue of material fact. See *New Bank of New*

*England, N.A. v. J.T. Enterprises, Inc.,* 1992 U.S. Dist. LEXIS 7998 (D. Mass. 1992)

*citing Boston Five Cents Sav. Bank v. Secretary of Dep't of Hous., 768 F.2d 5, 8 (1st Cir.*

1985)*; see also Rizzo v. Cunningham,* 303 Mass. 16, 20-21, 20 N.E.2d 471, 474 (1939).

Under these circumstances, the Court committed clear error in granting summary

judgment in favor of New York Life..

    As a result of the Court's conclusion that the Policy was unambiguous, the Court

rejected Linton's other arguments, namely that the 1999 Prospectus and the four year

course of performance of the parties must be taken into account for the sole purpose of

interpreting the terms of the Policy or the parties subsequent agreement.  When the

written agreement, as applied to the subject matter, is in any respects uncertain or

equivocal in meaning, all circumstances of the parties leading to its execution may be

shown for the purpose of elucidating, but not of contradicting or changing its terms. *See*

*ITT Corp. v. LTX Corp.*, 926 F.2d 1258, 1264 (1st Cir. 1991). In viewing all circumstance

of the parties leading up to the signing of the Policy, which includes the representations

of Mr. Redfearn and the 1999 Prospectus, it is clear that the parties intended to and could

effectuate same day transfers within the investment divisions either by telephone or

internet.  The extrinsic evidence is in line with the parties understanding and consistent

with the Policy and the parties four year course of conduct.  Because the language in the

Policy is ambiguous, a fact finder needed to consider parol evidence in order to interpret

the language and the effect of the parties' subsequent course of conduct as affecting the

contract.  Linton is entitled to have a jury decide this disputed issue.  By finding that the

Policy language was unambiguous and by not analyzing the parol evidence to interpret

the ambiguous language, the Court committed clear error.

Furthermore, Linton adequately proved compensable damages to support his

misrepresentation claim. The Order states plaintiff has shown no pecuniary losses due to

the alleged misrepresentation. See Order, p. 14.  The record indicates however, that

Linton provided evidence that his out of pocket damages consist of the premiums paid,

costs, and taxes.  By New York Life's own calculations, Linton's out of pocket costs

alone are $122,297.40. *See Exhibit U to Defendant's Motion for Summary Judgment.*

This amount does not include the premiums charged, approximately $450,000 Linton

paid in taxes and the cost of this litigation.  More importantly, these damages would not

have occurred but for Mr. Redfearn's representations to Linton.  As the record proves

compensable damages, the Order finding against Linton on his misrepresentation was in

inappropriate.

## CONCLUSION

For the reasons stated above, Linton respectfully requests that this Court

reconsider its Memorandum of Decision and Order, dated September 18, 2006.

<div style="margin-left:50%;">

BARRY LINTON,

By his attorneys,


/s/ P. Andy Henderson Jr._____
Richard J. Grahn (BBO #206620)
P. Andy Henderson, Jr. (BBO#655891)
Looney & Grossman, LLP
101 Arch Street
Boston, MA  02110
(617) 951-2800

</div>

September 29, 2006

## CERTIFICATION UNDER LOCAL RULE 7.1

I, P. Andy Henderson, Jr., hereby certify that I conferred with counsel for the
defendant in a good faith attempt to resolve or narrow the issues cause by the motion.

<div style="margin-left:50%;">

/s/ P. Andy Henderson Jr._____
P. Andy Henderson, Jr.

</div>

CERTIFICATE OF SERVICE


I, P. Andy Henderson, Jr. an attorney with the law firm of Looney & Grossman LLP, hereby certify that on September 29, 2006, I served a copy of the foregoing **Plaintiff's Motion To Alter and Amend Judgment and Memorandum of Law in Support,** on the following:


Robert Jones, Esq.
Ropes & Gray
One International Place
Boston, MA  02110-2624

Levina Wong, Esq.
Ropes & Gray
One International Place
Boston, MA  02110-2624




/s/ P. Andy Henderson Jr._____
P. Andy Henderson Jr., Esq.