UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11362-RWZ

BARRY LINTON

v.

NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION

MEMORANDUM OF DECISION

October 25, 2006

ZOBEL, D.J.

Plaintiff Barry Linton ("Linton") asks this court to reconsider its September 18, 2006, Decision and Order granting summary judgment on all remaining counts to defendant New York Life Insurance and Annuity Corporation ("NYLIAC"). He asserts that the ruling that his express contract with defendant unambiguously required transfer requests to be signed and in writing was clearly erroneous. He also argues that the holding that he failed to show any recoverable pecuniary loses due to the alleged misrepresentation by defendant's agent is in error. Plaintiff's arguments misinterpret Massachusetts contract law, fail to address the court's reasoning concerning recoverable loss, and inappropriately advance a new legal theory on contract interpretation that could have been presented prior to judgment. Accordingly, the motion is denied.

1. Standard for Reconsideration of a Court's Prior Ruling

It is very difficult to prevail on a Rule 59(e) motion for reconsideration. Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005). Reconsideration "does not provide a vehicle for a party to undo its own procedural failures, and it [] does not allow a party to ... advance arguments that could and should have been presented to the district court prior to the judgment." Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997). Reconsideration of a prior judgment is appropriate when the moving party has made a "clear showing" that (1) newly discovered evidence has come to light, or (2) the court rendering judgment has committed a manifest error of law. Marie, 402 F.3d at 7 n.2. Here, plaintiff offers no newly discovered evidence in his motion, rather he argues that the court committed clear error.

2.   Lack of Ambiguity in the Contract Terms

Plaintiff offers two arguments to rebut the court's conclusion that the contract terms unambiguously required transfer requests to be signed in writing: (1) "the record demonstrates that the parties themselves interpreted the language differently," and (2) defendant "waived any right to object to [plaintiff's] transfers after four years of acceptance." (Pl.'s Mot. to Alter and Am. J. 3.) Plaintiff's first argument turns basic contract law on its head. Recourse to performance and usage of trade to interpret contract terms are necessary only when the contract terms are ambiguous. Sommerset Sav. Bank v. Chicago Title Ins. Co, 420 Mass. 422, 427-28 (1995) ("express terms are to be given preference in interpretation over course of performance and usage of trade"). To accept plaintiff's theory -- that a course of performance in conflict with the

2

contract terms itself demonstrates ambiguity -- would nullify the rule. Therefore, there was no error in my holding that the meaning of contract terms that require transfers be by "a notice you sign" and by "signed written consent" are unambiguous, even in light of NYLIAC's initial willingness to accept transfer requests by internet and telephone. ITT Corp. v. LTX Corp., 926 F.2d 1258 (1st Cir. 1991) (citing to Massachusetts law) ("[P]arol evidence may not be admitted to contradict the clear terms of an agreement, or to create ambiguity where none otherwise exists.") (emphasis added).

In his second argument, plaintiff raises for the first time a theory of waiver, claiming that NYLIAC waived any right to object to Linton's internet transfers after four years of acceptance. However, it is well established that reconsideration may not be used to advance new legal theories in the hope they will fare better than the previous ones. This theory could have been argued prior to judgment and accordingly will not be considered here. E.g., F.D.I.C. v. World University Inc., 978 F.2d 10, 16 (1st Cir. 1992) ("[Motions under Fed. R. Civ. P. 59(e)] may not be used to argue a new legal theory."); Cochran v. Quest Software, Inc., 328 F.3d 1, 11 (1st Cir. 2003) ("[A] party may not, on a motion for reconsideration, advance a new argument that could (and should) have been presented prior to the district court's original ruling."); Aybar, 118 F.3d at 16.

3.   No Support for Recoverable Damages for Negligent Misrepresentation

Finally, plaintiff's argument that he adequately proved compensable damages to support his misrepresentation claim appears to misunderstand Massachusetts law.

Plaintiff has made no showing that he sustained any <u>net</u> out-of-pocket <u>losses</u> as a result of the alleged misrepresentation by defendant's agent.  Indeed, he admits that he received a <u>net profit</u> of almost $200,000 on his initial investment.  (NYLIAC Concise Statement of Undisputed Material Facts ¶ 65; Aff. of Barry Linton in Supp. of Pl.'s Mot. for Partial Summ. J. ¶ 20.)  The "premiums paid, costs and taxes" of $122,296.40 he now describes as his "out of pocket costs" are actually his expenses, which must be subtracted from his gross profits to show any compensable losses.  <u>See</u> <u>PDC-El Paso Meriden, LLC v. Alstom Power, Inc.</u>, No. 996016BLS, 2004 WL 1588201 at *15 (Mass. Super. June 14, 2004) (noting that a claim for misrepresentation could not succeed where the plaintiff "sustained no out-of-pocket losses ... and, instead, <u>made a handsome net profit after reimbursing itself for its costs</u>.") (emphasis added).

    Linton's claim that he paid "approximately $450,000" in taxes, although unsupported and never previously mentioned, in no way contradicts the conclusion that he made a profit on his investment.  Investors are taxed on net profits, not losses, and if Linton paid taxes of $450,000, the obvious inference is that he realized profits in excess of that amount.  I remain unconvinced by plaintiff's argument and conclude that Linton's claim for negligent misrepresentation must fail under Massachusetts law because plaintiff has made no showing that he suffered some actual loss as a result of relying on the alleged misrepresentation.

4.     <u>Conclusion</u>

     Because no clear error infects the ruling of September 18, 2006, granting defendant's Motion for Summary Judgment (Docket #39), plaintiff's Motion to Alter and Amend Judgment (Docket #41) is denied.


|  October 25, 2006  |     /s/Rya W. Zobel      |
|---|---|
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |